UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

**ELECTRONICALLY FILED**

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC. ) | |
| AND FIVEMILE ENERGY, LLC ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 6:12-cv-00091-GFVT-HAI |
| v. ) | |
| ) | |
| KENTUCKY FUEL CORPORATION and ) | |
| JAMES C. JUSTICE COMPANIES, INC. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants Kentucky Fuel Corporation and James C. Justice Companies, Inc., pursuant to Fed. R. Civ. P. 26(c), move the Court for a protective order prohibiting Plaintiffs from conducting the following depositions:

- Deposition of James C. Justice III, noticed for July 31, 2013 at 9:00 a.m.

- Deposition of Stephen W. Ball, noticed for July 31, 2013 at 1:30 p.m.

- Deposition of Marc Merritt, noticed for August 1, 2013 at 9:00 a.m.

- Deposition of Kentucky Fuel Corporation, noticed for August 1, 2013 at 1:30 p.m.

- Deposition of James C. Justice Companies, Inc., noticed for August 2, 2013 at 9:00 a.m.

In support of this Motion, Defendants state that they have been unable to reach any definitive agreement with new counsel, including Frost Brown Todd LLC ("FBT"), which inadvertently appeared in this action on July 22, 2013 before reaching such agreement, and they intend to move the Court to allow their general counsel to appear on their behalf – substituting

that counsel for FBT as their counsel of record. As a result, Defendants and their counsel cannot effectively prepare Defendants for the depositions just recently noticed for next week – depositions that were noticed at a time when Defendants did not even have counsel of record. Conducting these depositions prematurely would result in undue burden and expense to all parties.[1] Counsel anticipate that an additional thirty (30) days would be sufficient for counsel to familiarize themselves with this action and comply with any proper outstanding discovery requests. Accordingly, Defendants respectfully request that the Court enter an Order preventing Plaintiffs from conducting the above-referenced depositions on the dates noticed or within the next 30 days.

Defendants certify that they conferred by telephone with Plaintiffs' counsel to attempt to resolve this dispute, but were unsuccessful.

                                              Respectfully submitted,

                                              /s/ Barry D. Hunter
                                              Barry D. Hunter
                                              Medrith Lee Norman
                                              Rebekah G. Ballard
                                              FROST BROWN TODD LLC
                                              250 West Main Street, Suite 2800
                                              Lexington, Kentucky 40507
                                              (859) 244-7591 (direct)
                                              (859) 231-0011 (facsimile)
                                              *Counsel for Defendants*

---

[1] Indeed, Plaintiffs themselves have admitted that they "do not have discovery from the Defendants that will enable them to take meaningful depositions." [Plaintiffs' Motion for Sanctions, DN 80, p. 4.]

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will provide notice to all counsel of record.

/s/ Barry D. Hunter
COUNSEL FOR DEFENDANTS

LEXLibrary TMP.TMP 576057v1