UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| NEW LONDON TOBACCO MARKET, INC. and FIVEMILE ENERGY, INC., | ) ) ) ) | Civil No. 12-91-GFVT |
| Plaintiff, | ) ) |  |
| V. | ) ) | **MEMORANDUM OPINION** |
| KENTUCKY FUEL CORPORATION and JAMES C. JUSTICE COMPANIES, INC., | ) ) ) ) | **&** **ORDER** |
| Defendants. | ) |  |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

New London Tobacco and Fivemile Energy allege that Kentucky Fuel Corporation and James Justice Companies breached an agreement addressing the assignment of leases and coal permits (the "Amendment") that the parties entered on November 22, 2010. [R. 1.] The parties point out that this Amendment is more than the name implies—it is more like a superseding agreement between the parties. [R. 44-1 at 2.] Plaintiffs argue the Defendants entered the agreement with no intention of fulfilling their obligations. [Id.] This dispute is central to the present litigation.

Plaintiffs filed their original complaint on May 8, 2012 and an amended complaint on March 15, 2013 [R. 1; R. 40]. Defendants responded to the amended complaint by filing the instant motion to dismiss [R. 44]. Since that date the parties have filed multiple motions relating to discovery issues and the imposition of sanctions. Most recently, Defendants filed a Motion for Partial Summary Judgment [R. 125.] Of immediate concern, however, is the motion to dismiss the fraud count alleged in the amended complaint. For the following reasons, the count

will not be dismissed at this time.

### I.

In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); s*ee also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). Stated otherwise, it is not enough for a claim to be merely possible; it must also be "plausible." *See Courier*, 577 F.3d at 630. According to the Court, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### II.

Defendants argue, pursuant to Federal Rule of Civil Procedure 12(b)(6), that count five of the amended complaint fails to state a claim upon which relief may be granted and must be dismissed. [R. 44.] First, the Court will address whether Kentucky law supports an action for fraud, that arises from the execution of a contract, and is supported by statements made about the future performance of that contract. Second, the Court considers Defendants' argument that the fraud allegation in the amended complaint lacks particularity as is required by Rule 9(b).

**A**

Defendants underlying contention is that the fraud charge is nothing more than a dressed up recapitulation of the underlying contract claims. They suggest that Kentucky Law does not support the charge.[1] The parties do a fair bit of dancing around the central issue which is this: whether Kentucky law supports an action for fraud, that arises from the execution of a contract and is supported by statements made about the future performance of that contract. This Court holds that such a claim is actionable under Kentucky law.

To establish a claim for fraud in the inducement under Kentucky law, a party must prove the following six elements by clear and convincing evidence: "a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *Bear, Inc. v. Smith*, 303 S.W.3d 137, 142 (Ky. App. 2010) (citing *United Parcel Service Co. v. Rickert,* 996 S.W.2d 464, 468 (Ky.1999)). Moreover, "a misrepresentation to support an allegation of fraud must be made concerning a present or pre-existing fact, and not in respect to a promise to perform in the future." *Id.* (quoting *Filbeck v. Coomer*, 182 S.W.2d 641, 643 (1944)). However, "[o]ne may commit 'fraud in the inducement' by making representations as to his future intentions when in fact he knew at the time the representations were made that he had no intention of carrying them out[.]"). *Id.* (quoting *Major v. Christian County Livestock Market*, 300 S.W.2d 246, 249 (Ky. 1957)).

This latter rule seems to directly address the question in this case. Plaintiffs allege that Defendants committed fraud by making representations in the Amendment with no intention of performing said representations. The question remains, however, whether the Amended

---

[1] Defendants change their argument slightly between their original Motion to Dismiss and their Reply wherein they state "It is not the law that is inadequate, it is Plaintiffs' allegations, which contain no such properly plead statement." [R. 54.] Defendant's Reply seems to "hang its hat" on the argument that the pleading was deficient.

Complaint is sufficiently pled.

## B

Federal Rule of Civil Procedure 9(b) requires, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9. Courts have read Rule 9(b) to require the complaint to convey "(1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendants' fraudulent intent, and (4) the resulting injury." *United States v. Villaspring Health Care Ctr., Inc.,* 2011 WL 6337455 (E.D. Ky. Dec. 19, 2011) (citing *Chesbrough v. VPA, P. C.,* 655 F.3d 461, 467 (6th Cir. 2011) (internal quotation marks omitted)). "When deciding a motion to dismiss under Rule 9(b) for failure to plead fraud with particularity, a court must also consider the policy favoring simplicity in pleading, codified in the 'short and plain statement of the claim' requirement of Federal Rule of Civil Procedure 8." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006). At the same time, "a district court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions." *Sanderson*, 447 F.3d at 876 (citing *Kottmyer v. Maas,* 436 F.3d 684, 688 (6th Cir. 2006)).

Specifically, Defendants contest the Amended Complaint fails to allege any statement or representation was made at all and, to the extent a statement was made, no details are plead about who made the statement, when or where it was made. [R. 44-1 at 5.] Plaintiffs believe they have sufficiently plead the charge, citing to Paragraph 45 of the Amended Complaint:

> At the time they executed the Fourth Amendment, Justice and Kentucky Fuel did not intend to honor their obligations or to make the payments due when they were required by the Fourth Amendment. **Instead, they falsely and fraudulently represented to NLTM and Fivemile that they would make the payments required by the Fourth**

4

> **Amendment and perform their obligations thereunder in order to induce NLTM to execute the Fourth Amendment**. (emphasis in original)

[R. 51 at 6 (citing R. 40 at 14).] Plaintiffs aver this paragraph answers all as it "specifically describes (1) the representations made by the Defendants as "mak[ing] the payments required" and "perform[ing] their obligations thereunder", (2) that these representations were made "to induce" the contract, and (3) that these representations were made "[a]t the time they executed" the contract." [R. 51 at 6.] The question for the Court is whether the above allegation satisfies Rule 9(b).

One of the primary motivations behind the heightened pleading requirement of Rule 9(b) "is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (citations omitted). The Amended Complaint does this. In light of the notice given and the Court's responsibility to "construe the complaint in the light most favorable to the plaintiff, accept[ing] its allegations as true, and draw[ing] all inferences in favor of the plaintiff" at this stage of the proceedings, the Court holds that the statement in Paragraph 45 is sufficient to plead a Count of Fraud. *DirecTV, Inc.,* 487 F.3d at 476.

**III**

Accordingly, having considered the record, applicable law and the arguments of the parties, the Court hereby **ORDERS** the Defendants' motion to dismiss Count Five [R. 44] is **DENIED**.

This 16th day of December, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge