UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC. and FIVEMILE ENERGY, LLC,<br><br>     Plaintiffs,<br><br>V.<br><br>KENTUCKY FUEL CORPORATION and JAMES C. JUSTICE COMPANIES, INC.,<br><br>     Defendants. | Civil No. 12-91-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court pending review of the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram, filed on January 17, 2017. [R. 302.] Judge Ingram's Recommended Disposition is in response to Plaintiffs' Renewed Motion under Rule 55 filed April 29, 2016. [R. 270.] Judge Ingram conducted a comprehensive and thorough review of the record, concluding that the Defendants owed damages totaling nearly $60 million. [*See* R. 34.] Even so, Judge Ingram reached his conclusion without conducting an evidentiary hearing. Without the benefit of clear guidance in the Sixth Circuit, Judge Ingram concluded that, based on his thorough review of the record, an evidentiary hearing was not required. This is a close call, but for the reasons set out below, the Defendants' objection to the denial of their request for an evidentiary hearing will be **SUSTAINED**.

**I**

**A**

Under Federal Rule of Civil Procedure 72(b)(2), parties have fourteen days after service to register any objections to the R&R or else waive their rights to appeal. In order to receive *de*

*novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendants objected to the Report and Recommendation on January 31, 2017 [R. 305], and Plaintiffs filed a response to Defendants' objections on February 14, 2017. [R. 301.] Defendants specifically object to nearly every conclusion in the Recommended Disposition, but this Court will focus on their objection to the lack of evidentiary hearing, as that determination makes their other objections moot. [*See* R. 305 at 6.] Defendants' objections are sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the motions, briefing, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules.

**B**

This lawsuit arises out of a contract to mine coal. On September 30, 2014, this Court entered default judgment against Defendants as to Counts I, II, and V of the Amended Complaint. [R. 206.] Count 1 alleges breach of contract by not paying minimum royalties and monthly retainer fees; Count 2 alleges breach of contract according to payments per ton of coal to be mined on Fivemile properties; and Count 5 alleges fraud generally. [*See* R 40.] Plaintiffs

2

filed a Rule 55 motion on October 16, 2014, but this Court determined that awarding damages should be delayed until liability was determined on Counts III and IV. [*See* R. 227.] Counts III and IV were dismissed by this Court on February 1, 2016, and the case was referred to the Magistrate Judge to "hold any proceedings necessary to make appropriate findings of law and fact regarding damages as to Counts I, II, and V of the plaintiffs' Amendment Complaint" and "issue a report and recommendation regarding these damages." [R. 251 at 6.] Plaintiffs filed their Renewed Motion under Rule 55 on April 29, 2016 [R. 270], and Defendants filed a response on June 3, 2016 [R. 277], and a Reply on June 15, 2016. [R. 284.] Defendants requested an evidentiary hearing multiple times. [*See* R. 214; R. 223; R. 262; R. 277.] Judge Ingram scheduled a telephone conference to discuss a limited issue related to discovery, but it was cancelled. [R. 298; R. 299.]

Judge Ingram ultimately recommended that no evidentiary hearing was needed. [R. 302 at 7.] He further found:

> (1) For Count I, as of the date of this Report, Defendants owe $680,000 in unpaid retainer fees. That amount continues to increase by $10,000 on the first day of each month. The Court should assess 8% interest on these fees, compounded annually. No amount for unpaid minimum royalties should be awarded.
> (2) For Count II, Defendants owe $16,990,900, as determined by the independent arbiter, with 8% prejudgment interest compounded annually beginning May 1, 2012.
> (3) As compensatory damages under Count V, Defendants owe $16,990,900, without interest, for lost royalties. They also owe $20,000 for the Strong Brothers lease reimbursements, plus 8% compound interest beginning October 14, 2011, for the first $5,000 payment; October 4, 2012, for the second; November 22, 2013, for the third; and April 28, 2016, for the fourth $5,000 payment.
> (4) As punitive damages under Count V, Defendants owe $17,010,900, without interest.
> (5) Under section 14 of the Fourth Amendment, Defendants owe "all attorney fees and expenses" in connection with this lawsuit (D.E. 40-5 at 7). But the total amount cannot yet be assessed. After Judge Van Tatenhove acts on this Recommendation and all motions are resolved, the undersigned recommends that Plaintiffs be allowed to file an affidavit of fees and costs with an opportunity for a response from Defendants. *See* Fed. R. Civ. P. 54(d)(2)(C). Interest should not be applied to the award of attorneys' fees and

3

expenses.
[R. 302 at 34.] Judge Ingram asserted that he had "sufficient facts for the Court to make an informed calculation of damages" and relied mainly on "the Amendment Complaint, the Fourth Amendment (the operative contract between the parties), and the independent arbiter's report." [R. 302 at 5.] The independent arbiter's report [R. 40-6] is barely over one page and estimates that the lost royalties on the Fivemile lease are $16,990,990.00.

## II

Ultimately, an evidentiary hearing is warranted in this matter because of the complicated nature of damages and the need to promote judicial efficiency by reducing the chance of appeal. In accordance with the analysis below, this Court will return this case to the Magistrate Judge to conduct an evidentiary hearing as to damages.

"Ordinarily, the District Court must hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992), *cert. denied,* *111 506 U.S. 1080, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993)) (internal editing and quotations omitted). A party who has been found liable by default judgment "still has the opportunity to respond to the issue of damages," *Antoine*, 66 F.3d at 110, and a finding of default "is not considered an admission of damages. *Greyhound*, 973 F.2d at 158. Damages that are "neither susceptible of mathematical computation nor liquidated as of the default," must be proven by the plaintiff in an evidentiary proceeding to allow the defendant the "opportunity to contest the amount." *Greyhound*, 973 F.2d at 158. The defaulting party may not "contest liability [or] interpose general set-offs," but may include "proof of mitigation of damages." *Greyhound*, 973 F.2d at 161. Though Magistrate

4

Judge Ingram relied on *Frame II*, this Court is hesitant to follow his analysis as the Sixth Circuit has not endorsed such a similar standard. *James v. Frame* ("*Frame II*"), 6 F.3d 307, 309 (5th Cir. 1993).

This Court has great discretion in awarding an evidentiary hearing, but is not required to do so. There is no case exactly on point that fully considers the complicated nature of awarding damages for Plaintiff's claims and this Court is hesitant to rely primarily on the very short independent arbiter's report to award damages of such a magnitude. Though this Court has entered default judgment against Defendants and will not consider the scope of liability, Defendants should still have the opportunity to speak meaningfully towards the damages calculation this Court will award and present any evidence regarding mitigation of damages or any other analysis they think is important for this Court to consider. After analyzing the record in this case, though some damages can be mathematically calculated, the logistics of mining coal necessarily complicate the analysis of damages. To be clear, an evidentiary hearing into damages does not mean that Judge Ingram's conclusions as to damages will change. $60 million in damages may be an accurate assessment, but it is in the interest of justice to allow Defendants a final time to be heard before such damages are imposed.

Further, pursuant to *Greyhound*, Defendants are not permitted to conduct discovery into the issue of liability. That Defendants have not engaged "in any timely discovery" thus far is troubling. [R. 302 at 5.] Defendants are reminded that holding an evidentiary hearing is not an invitation to conduct open-ended discovery on liability, as this matter has already been entered by this Court. Rather, the appropriateness and scope of discovery as to damages is a matter left to the discretion of the Magistrate Judge.

In *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009), a district court awarded $99,906.99 in damages of unpaid wages and $36,000 for plaintiff's 1.5% equity interest without conducting an evidentiary hearing. Notably different from the case at hand, in *Vesligaj*, the Defendant did not contest the damages for unpaid wages, only the damages for the equity interest sum, which is where the court focused its analysis. *Id*. at 355. To determine this amount, the district court relied only on an affidavit from the Plaintiff. *Id*. The Sixth Circuit held that there should have been an evidentiary hearing regarding Plaintiff's equity interest calculation due to the various components that went into Plaintiff's calculation. *Id*. at 356. Similarly here, Plaintiff's reliance on the Independent Arbiter's report, a mere two pages that did not consider the market or the ability for Defendants to remove coal from the ground, is inadequate.

This Court is mindful of a record replete with too many examples of the Defendants' efforts to delay and obstruct the court's proceedings. This Court has spoken to Defendants' bad behavior repeatedly, most extensively in the entry of default against Defendants. [R. 206.] This Court laid out that Defendants repeatedly failed to comply with discovery deadlines and appear for scheduled depositions, which led to an entry of default against them. [R. 206 at 3.] Allowing Defendants an evidentiary hearing does not condone their past behavior, but gives them some process to present evidence of mitigation of damages. Further, this Court is hopeful that, with new counsel, Defendants will take their responsibilities more seriously moving forward. [*See* R. 289.] This Court is mindful of judicial efficiency and the desire to reduce appellate work. In granting an evidentiary hearing, this Court hopes to reduce the chance of appeal and increase the chance of a timely resolution to this lengthy case.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. The Magistrate's Recommended Disposition **[R. 302]** as to Plaintiff's Renewed

Motion Under Rule 55 is **DENIED**;

      2.      Defendants' first objection to the Magistrate's Recommended Disposition **[R. 305]** requesting an evidentiary hearing is **SUSTAINED** and their other objections are **DENIED** as moot;

      3.      The Plaintiffs' Renewed Motion Under Rule 55 **[R. 270]** is **DISMISSED WITHOUT PREJUDICE** pending an evidentiary hearing with parties to follow direction from Judge Ingram as to refiling; and

      4.      This case is referred to Magistrate Judge Hanly A. Ingram to conduct an evidentiary hearing to assess damages in accordance with this Order.

This the 28nd day of March, 2017.

Gregory F. Van Tatenhove
United States District Judge