UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |
|---|---|
| NEW LONDON TOBACCO MARKET, INC. and FIVEMILE ENERGY, LLC, <br><br> Plaintiffs, <br><br> V. <br><br> KENTUCKY FUEL CORPORATION and JAMES C. JUSTICE COMPANIES, INC., <br><br> Defendants. | Civil No. 12-91-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

*** *** *** ***

This matter is before the Court on the Defendants' Objection to the Magistrate's Order [R. 348] and Plaintiffs' Motion for Leave to Respond to Defendants' Objection [R. 351]. This Court will **OVERRULE** the Defendants' objections [R. 345] and **DENY** Plaintiffs' motion [R. 351].

# I

## A

The factual background of this case has been detailed over and over again in the many Orders this Court has issued. [*See, i.e.,* R. 285; R. 206; R. 321.] For the purposes of the current motion being considered, this Court will only update the extensive record.

In March 2017, this Court entered an Order upholding Defendants' objections to the Magistrates entry of damages in connection with default judgment. [*See* R. 321.] In that Order, this Court held that Defendants should be afforded an evidentiary hearing with regard to the damages proved by Plaintiffs. [*See* R. 321.] As a result of this Court's ruling, the Defendants moved to extend deadlines for expert disclosures and discovery as to damages. [R. 331.] After

the matter was fully briefed, Magistrate Judge Hanly A. Ingram denied the Defendants' motion because Defendants "never served any timely written discovery requests, and their deadline to do so expired *four years ago*." [R. 345 at 1.] Defendants objected [R. 348], which this Court now considers.

B

Magistrate judges have broad discretion over discovery and other non-dispositive matters. While the Court can reconsider the magistrate's orders, the Court's standard of review is deferential. 28 U.S.C. § 636(b)(1)(A) allows a district court to "designate a magistrate to hear *and determine* any pretrial matter pending before the court" (emphasis added). "When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to "reconsider" the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)).

Pursuant to Federal Rule of Civil Procedure 72(a), the Court will set aside or modify a magistrate judge's order only if the Court finds that at least a portion of the order is "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Instead, the Court considers whether there is evidence in the record to support the initial court's finding and whether "its construction of that evidence is a reasonable one." *Id.*

II

Upon review of the record and careful consideration of the Defendants' objections, this Court will uphold the Magistrate's order [R. 345] and **OVERRULE** Defendants' Objections [R. 348]. Defendants have not identified any portion of the Magistrate's order which is "clearly erroneous or contrary to law," Fed. R. Civ. Pro. 72(a), and this Court agrees with the Magistrate Judge's analysis.

Citing primarily dicta from this Court's previous opinion and misstating this Court's holdings, the Defendants argue they should have the opportunity to speak meaningfully towards damages, which, to them, means re-opening discovery to allow them to identify expert witnesses. [R. 338 at 2.] This Court did hold that Defendants should have an opportunity to speak meaningfully towards damages, but it did not hold that Defendants should be permitted to essentially start this litigation over and re-open discovery that should have been conducted years ago. Accordingly, the Magistrate's opinion is not in contradiction to the Court's previous order.

The Magistrate Judge made several considerations when denying Defendants' Motion. First, he looked at past behavior, which has been "appalling." [R. 345 at 2.] The Magistrate Judge emphasized, and this Court agrees, that the Defendants will be permitted to present any evidence regarding mitigation of damages or any other analysis they deem proper for the Court to consider, but they will be limited by the "strategic" decisions they made during discovery, namely, to not participate at all. [R. 345 at 3.] The Magistrate Judge held Plaintiffs to the same standard, that their "presentation will be constrained by the discovery they did, or did not, make in accordance with the Rules." [R. 345 at 4.]

The Magistrate Judge relied primarily on *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006), in his analysis to determine if Defendants had demonstrated excusable-neglect for not meeting earlier discovery deadlines. *Nafziger* sets out a balancing test of :

five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

467 F.3d 514, 522 (6th Cir. 2006).

The Magistrate Judge reminded Defendants that the analysis for their failure to comply with discovery deadlines has already been performed [*see* R. 239] and emphasized factor three as the determinative factor, that Defendants were given opportunities to comply with discovery orders and chose to not comply repeatedly, which was entirely within their control. [*See* R. 239 at 1.] The Magistrate Judge thoughtfully applied each of these five factors to the current case and found that there was no excusable neglect. As for factor one, the Magistrate Juge found that it's unlikely, given Defendants' past behavior, that they would suddenly comply with discovery orders moving forward. Extending this case any further would prejudice Plaintiffs, who seek relief. [*See* R. 345 at 5.] The second factor, the length of delay, is also compelling, as Defendants have exhibited extraordinary defiance to Court orders and threats of sanctions and default judgment. [R. 345 at 5.] As for the fourth factor, "Defendants delayed serving their initial disclosures, never identified any experts, and never served any timely discovery upon Plaintiffs. There never was any justifiable 'reason for delay,' instead Defendants just chose not to engage in discovery and now want to re-visit [their] decision." [R. 345 at 5.] For the final factor, this Court has found repeatedly that Defendants have failed to act in good faith, which is most detailed in this Court's entry of default. [*See* R. 206.]

Defendants have offered no case law, and this Court has been unable to find any, that the Magistrate Judge's decision is clearly erroneous or contrary to the law. The Magistrate's opinion

does not preclude their ability to present mitigating evidence at an evidentiary hearing. In fact, Defendants have answered their own question when they attempted to explain why they never designated their own expert: "[a]lthough Defendants did not designate their own industry expert, Defendants anticipated raising the deficiencies in Plaintiffs' proof . . . through cross-examination of the experts themselves." [R. 331-1 at 9.] This is precisely what Defendants will be permitted to do in an evidentiary hearing. This Court *did not* hold that the "Independent Arbiter's report did not provide a sufficient basis for assessing damages in this case," but only that it was inadequate to assess damages without giving the Defendants an opportunity to respond at an evidentiary hearing. [*See* R. 348 at 5.] In fact, the Court explicitly stated, "[t]o be clear, an evidentiary hearing into damages does not mean that Judge Ingram's conclusions as to damages will change. . . . Rather, the appropriateness and scope of discovery as to damages is a matter left to the discretion of the Magistrate Judge." [R. 321 at 5.]

On the whole, the Court does not have "the definite and firm conviction that a mistake has been committed." *See U.S. Gypsum Co.*, 333 U.S. at 395. The Defendants have offered no authority that indicates a mistake was made and, further, this Court would come to the same conclusion under the same set of circumstances. Under the Court's limited review, the order will stand.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED**:

1. The Plaintiffs' Objections [R. 348] are **OVERRULED**, and the parties are directed to comply with Magistrate Judge Ingram's decision at Docket Entry 345;

5

2. Plaintiffs' Motion for Leave to Respond to Defendants' Objections [R. 351] is **DENIED**;

2. The Magistrate Judge shall schedule an evidentiary hearing at his convenience; and

3. Plaintiffs' Motion for Sanctions [R. 356] is **DENIED WITHOUT PREJUDICE**, as this Court finds it is best suited to be taken up in the course of the evidentiary hearing.

This the 27th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge