UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC., AND FIVEMILE ENERGY, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| KENTUCKY FUEL CORPORATION AND JAMES C. JUSTICE COMPANIES, INC., | ) ) ) |
| Defendants. | |

Civil No. 6:12-cv-00091-GFVT-HAI

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendants' Motion for Recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. [R. 388.] For the following reasons, Defendants' motion is **DENIED**.

**I**

Litigation in this matter has been protracted and is yet ongoing. This Court has noted before that Defendants "have a long history of contumacious practice in this case that began in 2012." [R. 341.] On numerous occasions, Defendants have failed to produce timely discovery or respond to discovery requests altogether, failed to obtain counsel, and failed to appear for scheduled depositions, all in defiance of this Court's orders. [*See* R. 341.] In September, 2014 this Court entered Default as to liability against the Defendants. [R. 206.]

What remains to be settled is the issue of damages. An evidentiary hearing on that issue is set before Magistrate Judge Hanly A. Ingram on December 11, 2018. [R. 373.] Now, Defendants have moved for Judge Ingram's recusal, on the grounds that his prior rulings

demonstrate "bias and prejudice against Defendants." [R. 388-1.] Defendants also request a telephonic conference to argue this motion as well as reschedule the evidentiary hearing. *Id.*

II

Under § 144, whenever a party to a proceeding in district court makes a motion and files a sufficient affidavit "that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," the judge must recuse. A party may only file one of these motions in any case, and that motion must be accompanied by a certificate from the counsel of record stating that the motion was made in good faith. 28 U.S.C. § 144. It is well settled that 28 U.S.C. § 455 "must be construed *in para materia*" with § 144. *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). Under both statutes, recusal is not subjective and is required "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990).

The Defendants filed their motion and two affidavits[1] simultaneously. [R. 388; R. 388-2; R. 388-3.] In their memorandum accompanying the motion, counsel for defendants indicated "Defendants mean no disrespect by this Motion, but they also submit that the Motion is well-grounded and is not simply a reaction to rulings that have not been in Defendants' favor." [R. 388-1.] However, the motion did not contain a "certificate from the counsel of record stating that it is made in good faith," as required by § 144. 28 U.S.C. § 144. Because Defendants have not complied with the statutory requirement, the motion must be denied. *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 352–53 (6th Cir. 2007).

---

[1] Section 144 requires the affidavit be that of a party to the litigation. 28. U.S.C. § 144. Because Jonnie L. Turner is Defendants' former attorney and not a party, this Court will not consider his affidavit. [ *See* R. 388-3.]

However, even if this Court construes Defense counsel's assertion of good faith as proper certification, the motion still fails. "[D]isqualification under section 455(a) must be predicated as previously under section 144, upon extrajudicial conduct rather than on judicial conduct." *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (quoting *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir. 1985)). It is well established that personal bias cannot arise from the Court's view of the law, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, the only evidence Defendants supply of bias are Judge Ingram's previous rulings in the case. [R. 388-1.] Defendants point to language in various of Judge Ingram's orders and argue that "the tone and tenor of Magistrate Judge Ingram's rulings" demonstrate clear bias against the Defendants. [R. 388-1.] But Defendants fail to identify or even allege any extrajudicial source of bias on the part of Judge Ingram while simultaneously admitting "that [Defendants] have perhaps on certain occasions failed to adhere to the precise letter and spirit of their discovery obligations in this matter." [R. 388-1 at 2.] This is hedging. Defendants have repeatedly defied or disregarded orders of this Court as well as those of Judge Ingram. [*See* R. 341; R. 345.] Further, this Court does not agree with Defendants' position that Judge Ingram's rulings have been "inflammatory," but even if they were, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display" do not by themselves establish personal bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

Judges are presumed to be impartial, and the moving party carries the burden of proving otherwise. *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007). In addition to failing to comply with the statute, Defendants have failed to carry this substantial burden. *See id.* Defendants' assertion that Judge Ingram's previous orders demonstrate personal bias does not form a valid basis for a motion pursuant to 28 U.S.C. §§ 144 or 455.

### III

Accordingly, and the Court being sufficiently advised, Plaintiff's Motion for Recusal **[R. 388]** under 28 U.S.C. § 144 and § 455 is hereby **DENIED**.

This the 28th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge

4