UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| NEW LONDON TOBACCO MARKET, INC., and FIVEMILE ENERGY, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | No. 6:12-CV-91-GFVT-HAI |
| v. | ) ) | ORDER |
| KENTUCKY FUEL CORPORATION and JAMES C. JUSTICE COMPANIES, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 15, 2019, Defendants filed their post-hearing memorandum. D.E. 429. Attached to the memorandum are a "sworn statement" by Kent Gross and a report by Summit Engineering. D.E. 429-1, 429-2. Both attachments are lengthy, were apparently not disclosed to Plaintiffs prior to filing, and, obviously, were not the subject of any cross-examination or responsive expert analysis. Defendants have also filed a motion for leave to supplement the record with these two attachments. D.E. 430. They explain in the accompanying brief that Mr. Gross's statement is "quoted at length" in their post-hearing memorandum. D.E. 430-1 at 2. According to Defendants, they first made contact with Mr. Gross in late March 2019. *Id*. at 1-2. Although the Summit Engineering report was completed on May 31, 2018, Defendants explain they were only made aware of it through Mr. Gross. *Id*. at 3. Defendants argue that these new documents "go directly to the questions that the evidentiary hearing [held in December 2018] was intended to answer." *Id*. at 5.

Defendants argue that this situation is similar to that contemplated by Federal Rule of Civil Procedure 60(b)(2), which provides relief from a final judgment or order when there is

"newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." D.E. 430-1 at 3-4.

> Under Rule 60(b)(2), a party may request relief because of "newly discovered evidence." The movant needs to show by clear and convincing evidence (1) that it exercised due diligence to obtain the evidence and (2) that the evidence is material, *i.e.*, would have clearly resulted in a different outcome. . . . Thus, "the evidence cannot be merely impeaching or cumulative."

*Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (citations omitted).

Leave to supplement the record at this point is not warranted. The record in this case is more than extensively developed. In fact, it is one of the most extensively developed in the undersigned's experience. The exhibits from the December 2018 evidentiary hearing alone fill an entire bookshelf and the testimony presented was extensive. The parties have had multiple opportunities over many years for factual development of the issues, culminating in the evidentiary hearing, which was provided for the express purpose of allowing Defendants to present evidence of damages and mitigation of damages. D.E. 321, 368. No explanation is provided by the defense as to why the Gross statement and Summit Engineering report were only recently discovered, precluding a finding by clear and convincing evidence of due diligence. Further, injecting new lay and expert opinion analysis after the comprehensive hearing on damages would be grossly prejudicial to Plaintiffs and would essentially take the case back to square one in contravention of Judge Van Tatenhove's order at Docket Entry 368. Finally, denying leave will not prejudice Defendants because, as ordered below, they will have the ability to fully object to that denial if they choose to object to the undersigned's forthcoming report and recommendation concerning the issues addressed at the evidentiary hearing.

**IT IS HEREBY ORDERED THAT:**

(1) Defendants' motion for leave to supplement the record (D.E. 430) is **DENIED.**

(2) The Clerk of Court shall **STRIKE** from the record the materials at Docket Entry 429.

(3) On or before **April 22, 2019**, Defendants **SHALL FILE** a revised post-hearing brief that eliminates all refences to, or discussion of, the Gross statement and the Summit Engineering report.

(4) Plaintiffs' deadline to file a post-hearing reply brief is **EXTENDED** to **May 13, 2019.** *See* D.E. 418.

(5) Pursuant to LR 72.2, no objections to this Order may be asserted until after the undersigned's report and recommendation on damages is entered in the record. All objections to this Order are expressly preserved by the parties pending the issuance of that report and recommendation.

This the 16th day of April, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge