UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC. and FIVEMILE ENERGY, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Docket No. 6:12-cv-0091-GFVT ) ) |
| KENTUCKY FUEL CORPORATION and JAMES C. JUSTICE COMPANIES, INC. | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 11

Plaintiffs, by counsel, move the Court for entry of an award of sanctions pursuant to Rule 11, Fed. R. Civ. P., in connection with the filing and signing of the Defendants' Motion to Alter or Amend or to Reconsider September 23, 2019 Memorandum Opinion and Order and supporting Memorandum [D.E. 447 and 447-1] (collectively, the "Motion"). The Plaintiffs request appropriate sanctions against the Defendants, their counsel, The Getty Law Group, PLLC, and the attorney who signed Defendants' Motion and Memorandum, Mr. Getty. In support of this Motion, Plaintiffs state as follows:

1. Defendants' Rule 59 Motion is improper and not warranted by existing law because Defendants attempt to make arguments that they never raised previously. In *Hazelrigg v. State*, No. 5:13-cv-148-JMH, 2013 U.S. Dist. LEXIS 96843, *2 (E.D. Ky. July 11, 2013) the Court held, "A party may not use a Rule 59(e) motion as a vehicle either to re-hash old arguments or to advance positions that he or she could have argued earlier but did not." *See also Adkins v. Kroger Ltd. P'ship I*, No. 5:18-156-DCR, 2018 U.S. Dist. LEXIS 211631 *7 (E.D. Ky. Dec 17, 2018) ("…a motion for reconsideration cannot be used to raise legal arguments that

could have been raised before the Court issued its decision."). The application of this Rule shows that Defendants' arguments that they were denied due process and that the Court should apply a different punitive damages ratio (of 1:10 instead of 1:1) are not warranted by existing law.

2. Defendants' Rule 59 Motion also is improper and is not warranted by existing law because it simply re-argues certain matters that the Court has previously decided, in some instances, multiple times. As this Court has held, (1) "Rearguing the merits of a petitioner's claims is not an appropriate use of a motion to alter or amend." *Taylor v. Univ. of the Cumberlands*, No. 6:16-cv-109-GFVT, 2018 U.S. Dist. LEXIS 186911, at *5-6 (E.D. Ky. October 31, 2018); *accord Hazelrigg, supra*. The application of this Rule shows that Defendants' arguments about unpaid retainer fees, unpaid tonnage royalties as determined by the Independent Arbiter and their argument that punitive damages should not be awarded, are not warranted by existing law.

3. Defendants' argument that they were denied procedural due process lacks evidentiary support and is not warranted by existing law[1] because they were afforded complete procedural due process, first in a three-day hearing before Magistrate Judge Ingram on the issue of damages and then again when they had an opportunity to object to any alleged procedural or constitutional deficiencies by filing an objections to the Magistrate Judge's Report and Recommendation, which they did. The three-day damages hearing was preceded by pre-hearing briefing and other procedural protections and was followed by extensive post-hearing briefing. The Defendants then filed Objections to the Magistrate Judge's Report and Recommendation.

---

[1] Statements herein that Defendants' contentions are not warranted by existing law include that they also are not warranted by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, in violation of Rule 11(b)(2).

2

Those Objections were carefully considered by this Court, as evidenced by the fact that this Court modified some of the recommendations by the Magistrate Judge. Thus, the allegation that the Court has violated the Defendants' Constitutional rights because they were denied "[t]he fundamental requirement of due process [which] is the opportunity to be heard," D.E. 447-1 at 3, lacks evidentiary support and is not warranted by existing law.

4. Defendants' argument that they were denied procedural due process because they were not able to cross examine the Independent Arbiter, Mr. Conway, is not warranted by existing law and does not have evidentiary support because Defendants had ample opportunity to depose Mr. Conway prior to the discovery cut-off and deliberately chose not to do so. They never even requested his deposition. Had the Defendants deposed Mr. Conway, after his death they could have then used his deposition at the hearing.

5. Defendants' argument that they were denied procedural due process because the Court considered the Independent Arbiter's Report does not have evidentiary support and is not warranted by existing law because the Defendants consented to the admission of that Report into evidence in this case. The Scheduling Order required the parties to file objections to exhibits by November 27, 2018 (pursuant to that Order, the parties had previously exchanged proposed exhibits). D.E. 373 at 1. The Independent Arbiter's Report was designated as Px. 1B. D.E. 390. The Defendants did not object to this exhibit. The only objections to exhibits they made were to Px. 13-15, which were exhibits pertaining to the New Lead transaction. *See* Dx. 399. At the beginning of the hearing the Defendants had another chance to object when the Magistrate Judge directed counsel for the parties to designate on the record which exhibits were unopposed and which were the subject of objections. During this process, the Defendants never objected to the admissibility of the Report. *See* D.E. 423 at 42.

6. Defendants' argument that the Plaintiffs breached their contract with the Defendants because Mr. Brownlow ceased working does not have evidentiary support because the evidence at the hearing shows that contention is false.  *See* D.E. 428 at 11-12 and D.E. 433 at 16.

7. Defendants' argument that they were excused from their obligation to pay retainer fees does not have evidentiary support and is not warranted by existing law. Defendants' argument about the award for unpaid retainer fees does not even attempt to fit it under any of the parts of either Rule 59 or 60.  Indeed, Defendants acknowledge that they are just re-arguing their Objections to the Report and Recommendation when they say: "Defendants respectfully submit that the law cited by them in response to the Report and Recommendation amply demonstrates that the obligation to pay retainer fees ceased at least as early as the filing of the original Complaint in this matter . . . ."  D. E. 447-1 at 7.  That statement shows on its face that the Motion is improper and not supported by existing law.  In the Motion, the Defendants then proceed to re-argue the points previously considered and rejected by the Magistrate Judge and this Court.  These arguments have been previously addressed and will not be repeated here. Plaintiffs refer the Court to D.E. 396 at 4-5, D.E. 428 at 11-13, and D.E. 433 at 18.  In a nutshell, (i) The continuing liability for retainer fees is established by the allegations in the Amended Complaint and the default judgment in this case.  D. E. 437 at 8.  (ii) The consideration for the Defendants' promise to pay monthly retainer fees in the Fourth Amendment was "previously performed services" as well as "anticipated future services."  Px. 1A, ¶ 9 at p. 6.  Defendants' arguments that Mr. Brownlow did not perform any services after this suit was filed, although false, is immaterial, because pursuant to ¶ 9 of the Fourth Amendment he was entitled to the monthly retainer fees until Kentucky Fuel terminated that provision, which it never did.  (iii) The

4

Fourth Amendment specifies how Kentucky Fuel can terminate its obligation to pay monthly retainer payments – all it had to do was give 30 days prior written notice and Kentucky Fuel never did that.  (iv) Notwithstanding the Defendants' representations, Mr. Brownlow did not breach the retainer agreement by refusing to do any work for Defendants after this suit was filed.[2]  *See* D.E. 428 at 11-12 and D.E. 433 at 16.  The fact that every entry on his log of contacts (Px. 10) did not pertain to such services or that no services were required or requested in some months, is immaterial.  These facts show that the Defendants' claim that they do not owe the retainer fees does not have evidentiary support and is not supported by existing law.

8.  The Motion was filed for an improper purpose, namely, to unnecessarily delay and needlessly increase the cost of these proceedings.  This at least the *fifth* motion to alter or amend or reconsider filed by these Defendants.  *See* D. E. 212 (Motion to Alter or Amend [re: order granting default]); D.E. 232 (Motion to Alter or Amend/Motion for Interlocutory Appeal [re: punitive damages]); D.E. 304 (Motion to Set Aside Default); D.E. 441 (Motion to Reconsider, or, in the Alternative, for an Extension of Time [re: order striking defendants' objections]); D.E. 447 (Motion to Alter or Amend or to Reconsider September 2019 Memorandum Opinion and Order).  This Motion is no more valid than its four predecessors.  It does not meet the standard required for motions under Rule 59 or 60 and does not even attempt to show that it does.

WHEREFORE, Plaintiffs respectfully request entry of an order granting them sanctions against the Defendants and their counsel, as follows:

(1) An award of monetary sanctions in the amount of $10,000 or such other amount as the Court may find is necessary to deter repetition of the conduct or comparable

---

[2] The Defendants' seek to ignore this evidence, claiming that "the contract language and the evidence are of no real relevance in light of the case law." D.E. 447-1 at 8.

conduct by others;

(2) An admonishment to Defendants and their counsel not to repeat such conduct in the future;

(3) An award of attorneys' fees incurred in connection with this motion, pursuant to Rule 11(c)(2); and

(4) Such further relief as the Court may deem necessary and appropriate.


| | |
|---|---|
| */s/ Scott M. Webster* | */s/ John A. Lucas* |
| Scott M. Webster | *John A. Lucas (011198) |
| **TOOMS, DUNAWAY & WEBSTER** | **HOWARD & HOWARD, P.C.** |
| 1306 West Fifth Street, Suite 200 | 4820 Old Kingston Pike |
| P.O. Box 905 | Knoxville, TN 37919 |
| London, Kentucky 40743-0905 | 865.588.4091 (telephone) |
| 606.864.4145 (telephone) | 865.588.4206 (facsimile) |
| 606.878.5547 (facsimile) | jlucas@howardhowardlaw.com |
| swebster@toomsdunaway.com | *admitted pro hac vice* |
| *Counsel for New London Tobacco Market, Inc., and Fivemile Energy, LLC* | *Counsel for New London Tobacco Market, Inc., and Fivemile Energy, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt of this 19th day of November, 2019. I further certify that a true copy of the foregoing was initially served, but not filed, by first-class mail and e-mail upon the following on the 28th day of October, 2019:

Richard A. Getty, Esq.
Danielle Harlan, Esq.
Marcel Radomile, Esq.
THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
rgetty@gettylawgroup.com
dharlan@gettylawgroup.com
mradomile@gettylawgroup.com

Kent Wicker, Esq.
DRESSMAN BENZINGER LAVELLE PSC
321 West Main Street, Suite 2100
Louisville, Kentucky 40202
kwicker@dbllaw.com

/s/  John A. Lucas