**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| **NEW LONDON TOBACCO MARKET, INC. and FIVEMILE ENERGY, LLC**<br><br>    Plaintiffs,<br><br>V.<br><br>**KENTUCKY FUEL CORPORATION and JAMES C. JUSTICE COMPANIES, INC.,**<br><br>    **Defendants.** | Civil Action No. 6:12-cv-91-GFVT-HAI<br><br>Judge Gregory F. Van Tatenhove<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 11** |

As is typical of their reaction when opponents file Motions, Plaintiffs once again respond by seeking drastic sanctions against both Defendants, Kentucky Fuel Corporation ("Kentucky Fuel") and James C. Justice Companies, Inc. (collectively, "Kentucky Fuel" or "Defendants") and their counsel, this time for Defendants' legitimate use of the Federal Rules of Civil Procedure to seek reconsideration of certain aspects of this Court's Memorandum Opinion and Order issued September 23, 2019 [Doc. 445] (the "Opinion and Order"). In response to that Motion [Doc. 457], Defendants, through counsel, respectfully state as follows:

Defendants' Motion [Doc. 447] and Memorandum in Support [Doc 447-1] do not improperly make new arguments.[1] Specifically, Plaintiffs complain about the due process arguments and the punitive damages arguments. Neither of these objections is well-taken, and those two aspects of the Motion to Reconsider certainly do not warrant the imposition of sanctions. Defendants did not previously raise the due process argument because there was no reason to do so until the Opinion and Order was entered. What Defendants *have* emphasized

---

[1]    Because the substance of Plaintiffs' Sanctions Motion was also detailed in their Response to Defendants' Motion to Reconsider, the substance of this Response to that Motion is largely a summary of Defendants' arguments as set forth in their Reply in Further Support of the Motion to Reconsider.

repeatedly is that the Conway Report, which Defendants were unable to challenge because of Mr. Conway's death, should not have been considered by the Court, or that if it was to be considered, Defendants should have been allowed to present their own damages expert. Plaintiffs even prevented Defendants from cross-examining their second designated damages expert, Dexter Patton, by sending him home from the evidentiary hearing upon learning that Defendants intended to call him to the stand. By limiting the evidence of damages to the untested Conway report, the Court denied Defendants their right to "notice and opportunity for [a] hearing appropriate to the nature of the case." *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).

With respect to punitive damages, Defendants certainly argued against their imposition in their Objections to the Magistrate Judge's Report and Recommendation. At the risk of repetition, the standard for the imposition of punitive damages – reprehensible conduct, in this instance on the part of Mr. Justice – simply did not exist. *See State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2002) (citing *BMW of North America v. Gore*, 517 U.S. 559, at 575, 116 S.Ct. 1589 (1996)). Mr. Justice's failure to appear for his deposition did not result in physical harm. It did not impact a financially vulnerable victim. It was neither repeated, intentional or malicious. *See id.* While Defendants may not have specifically raise the 1:1 ratio that the Supreme Court has determined should be the outermost limit of an award when compensatory damages are substantial, Defendants have repeatedly emphasized that a punitive damage award is not warranted in this matter. Again, the inclusion of that argument in the subject motion does not justify the sanctions sought by Plaintiffs.[2]

---

[2]  Because Defendants have set out their due process arguments at length – in their Motion to Reconsider and their Reply in Further Support thereof – they will not reiterate those arguments any further here. As such, this Response does not track the numbered paragraphs utilized in Plaintiffs' Sanctions Motion. It would appear far more duplicative and inefficient to continuously repeat those matters *ad nauseum* herein.

2

Defendants' Motion to Reconsider was far more than a re-argument of previously-raised claims.  Defendants described several clear errors of law.  These included the violation of their due process rights, the monthly retainer fees and lost tonnage royalties damages and the extremely draconian punitive damages.  Defendants likewise pointed out, with reference to the record, the reliance on misstated, unproven, and untested facts.  Specifically, the Court overlooked the existence of evidence presented by Defendants as to the termination of the minimum royalties provision of the parties' agreement.

In the end, and perhaps of most importance, is the fact recognized by this Court and others that, even in light of the entry of default judgment, Defendants should still have been provided the ability to respond to the issue of damages.  *See* Memorandum Opinion and Order [Doc. 321], p. 4 (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995), and *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)).  This did not happen at the evidentiary hearing.  Defendants were therefore well within their rights to seek reconsideration of the Opinion and Order.

For all these reasons, and for those set forth in Defendants' Motion to Reconsider, Motion for Oral Argument, and Replies in support of those Motions, Defendants respectfully request that Plaintiffs' Motion for Sanctions be denied in its entirety.

        Respectfully submitted,

        /s/ Danielle Harlan
        RICHARD A. GETTY
        DANIELLE HARLAN
            and
        MARCEL RADOMILE

        THE GETTY LAW GROUP, PLLC
        The Offices at City Center
        100 West Main Street, Suite 200
        Lexington, Kentucky  40507

Telephone:  (859) 259-1900
Facsimile:  (859) 259-1909
E-Mail:  rgetty@gettylawgroup.com
E-Mail:  dharlan@gettylawgroup.com
E-Mail:  mradomile@gettylawgroup.com

And

KENT WICKER

DRESSMAN BENZINGER LAVELLE PSC
321 West Main Street
Suite 2100
Louisville, Kentucky 40202
Telephone:  (502) 572-2500
Facsimile:  (502) 572-2503
E-Mail:  kwicker@dbllaw.com

COUNSEL FOR DEFENDANTS,
KENTUCKY FUEL CORPORATION AND
JAMES C. JUSTICE COMPANIES, INC.

## CERTIFICATE OF SERVICE

A copy of the foregoing Defendants' Response in Opposition to Plaintiffs' Motion for Sanctions under Rule 11 was served on the 10th day of December 2019, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order upon all parties in the electronic filing system in this case.

/s/ Danielle Harlan
COUNSEL FOR DEFENDANTS

dhbpld2764