# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

| | |
|---|---|
| **NEW LONDON TOBACCO MARKET, INC.** ) <br> **and FIVEMILE ENERGY, LLC,** ) <br>  ) <br> Plaintiffs,  ) <br>  ) <br> v.  ) <br>  ) <br> **KENTUCKY FUEL CORPORATION and** ) <br> **JAMES C. JUSTICE COMPANIES, INC.** ) <br>  ) <br> Defendants.  ) | **Docket No. 6:12-cv-0091-GFVT** |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO ALTER OR AMEND OR RECONSIDER

In its Memorandum Opinion & Order entered on April 24, 2020 [D.E. 466], the Court did not just enter a judgment that the Plaintiffs were entitled to recovery $10,000 as a Rule 11 sanction. Rather, the Court affirmatively ordered the Defendants to pay that amount within thirty days. The court further admonished them not to continue their pattern of making frivolous arguments. The Court's language could not have been clearer:

> Defendants **SHALL PAY** Plaintiffs the **$10,000.00** owed as sanctions within **thirty (30)** days of the entry of this Order, and are hereby **ADMONISHED** not to present misleading and frivolous arguments to the Court in the future.

Having been sanctioned for an ill-grounded Rule 59 motion, the Defendants now compound their strategy by asking the Court to alter or amend that clear command by allowing them to pay the sanctions into Court, rather than to pay the Plaintiffs *as they were ordered to do.* D.E. 469.  Thus, by asking the Court for relief not granted by the Court previously, the Defendants' "Motion to Pay Funds into Court" is nothing but another Rule 59 motion to alter or amend or for relief under Rule 60.  It is at least the *sixth* such motion.  See D.E. 449 at 1.  Their attempt to couch

the motion as a Rule 62 motion does not change the fact that the substance of the present motion asks the Court to alter and amend its prior Memorandum Opinion & Order.

This Motion is no more valid than its five predecessors. Without a trace of irony, after having been sanctioned for their last Rule 59 motion, the Defendants do not even attempt to show that the Court's "**SHALL PAY**" command in its Memorandum Opinion & Order is a "clear error of law," that there has been newly discovered evidence, an intervening change in controlling law, that there is a need "to prevent manifest injustice" or that there are other proper grounds for changing the Court's prior Memorandum Opinion & Order. *See* D.E. 466 at 3.

If the Court thought that it had lopped off the last head of the mythical Hydra with its strong admonition and sanctions in its Memorandum Opinion & Order (D.E. 466 at 3), this latest motion shows that these Defendants have not been deterred. The Plaintiffs will not add to the Court's docket or trigger more briefing with another motion for sanctions, no matter how well deserved. The Plaintiffs will confine their comments in this regard to the observation that the Court has the inherent power, *sua sponte*, to award the Plaintiffs attorneys' fees or to enter further orders for having to deal with this latest abuse. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-46 (1991). The Court also has the power under Rule 11(c)(3) to order the Defendants or their counsel to show cause why this latest Defendants' motion does not violate Rule 11(b). The Plaintiffs will eschew any argument on the point here and defer totally to the Court's discretion.

For these reasons, the Defendants' Motion to Pay Funds into Court should be denied.

| | |
|---|---|
| /s/ *Scott M. Webster* | /s/ *John A. Lucas* |
| Scott M. Webster | *John A. Lucas (011198) |
| **TOOMS, DUNAWAY & WEBSTER** | **HOWARD & HOWARD, P.C.** |
| 1306 West Fifth Street, Suite 200 | 4820 Old Kingston Pike |
| P.O. Box 905 | Knoxville, Tennessee  37919 |
| London, Kentucky 40743-0905 | 865.588.4091 (telephone) |
| 606.864.4145 (telephone) | 865-588-4206 (fasimile) |
| 606.878.5547 (facsimile) | jlucas@howardhowardlaw.com |
| swebster@toomsdunaway.com | *admitted pro hac vice* |
| *Counsel for New London Tobacco Market, Inc. and Fivemile Energy, LLC* | *Counsel for New London Tobacco Market, Inc. and Fivemile Energy, LLC* |

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt on this 15th day of May 2020.

/s/ John A. Lucas