**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON**

| | | |
|---|---|---|
| **NEW LONDON TOBACCO MARKET, INC.** | ) | |
| **and FIVEMILE ENERGY, LLC** | ) | |
| | ) | **No. 6:12-CV-00091-GFVT-HAI** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KENTUCKY FUEL CORPORATION, and** | ) | |
| **JAMES C. JUSTICE COMPANIES, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR SHOW CAUSE ORDER AND FOR
SANCTIONS FOR DISOBEYING THE COURT'S MARCH 11, 2022 ORDER
AND FOR EXPEDITED CONSIDERATION**

Pursuant to Fed. R. Civ. P. 70(e) and the inherent powers of the Court, the Plaintiffs move the Court for an order requiring both the Defendants, together with James C. Justice, III and Jillian Justice (collectively, the "Justices" or "Justice Respondents"), who are the officers, directors, and shareholders responsible for controlling the Defendants and ensuring that they comply with the Court's orders, to show cause why they should not be held in contempt and further for an award of contempt sanctions against them. The basis for this Motion is that the Justices have caused the Defendants to disobey the Court's Order entered on March 11, 2022 (D.E. 562) (the "Pay Immediately" Order), which required the Defendants to "**IMMEDIATELY PAY** Plaintiffs in attorneys' fees pursuant to this Court's Judgment."[1] They have paid *nothing*.

**I.     THE COURT SHOULD ISSUE AN EXPEDITED SHOW CAUSE ORDER
DIRECTING THE RESPONDENTS TO RESPOND TO THIS MOTION.**

---

[1] Both James C. Justice, III and Jillian Justice are directors and shareholders of each Defendant. James C. Justice, III also is President of both Defendants. *See* Exhibit A hereto.

The Defendants are parties to this action.  The individual Justices are not.  The Court should therefor enter an Order on an expedited basis, requiring all Respondents, including the individual Justices to respond to this Motion to show cause why they should not be held in contempt for the violation of the Court's "Pay Immediately" Order.

The Court should enter such an order on an expedited basis because the Court originally ordered the Defendants to pay the attorneys' fees at issue almost two years ago.  Most recently, the "Pay Immediately" Order obviously required the Defendants to pay **IMMEDIATELY**," which normally is construed as one to two days at most.  *See, e.g., U.S. Wilkinson,* 53 F.3d 757, 759 (6th Cir. 1995) (interpreting "immediately" in the context of a wiretapping statute and stating that "'Immediately' is understood as meaning 'within one or two days.'"); *City of N.Y. v. McAllister Bros., Inc.,* 278 F.2d 708, 710 (2d Cir. 1960) (noting that "immediately" was synonymous with "forthwith" and that "[t]he Supreme Court has said of the word that in matters of practice and pleading it is usually construed, and sometimes defined by rule of court, as within twenty-four hours."); *see also U.S. v. Coney,* 407 F.3d 871, 873 (7th Cir. 2005) ("Ten days is too long to be thought "immediate.").  The Defendants' refusal to obey  the Order to pay "Immediately" after  twelve days as of the filing of this Motion, requires little further discussion. As Judge Reinhardt put it pithily in his concurring opinion in *Garcia v. Concannon,* 67 F.3d 256, 250 (9th Cir. 1995) ("'Immediately' means 'immediately'.").

Because immediate action was ordered and has been ignored, the Court should not allow the Defendants to drag this out even longer.  The Plaintiffs therefor request that the Court enter an order *ex parte* requiring the Respondents, including the Justice Respondents to respond fully to this Motion within 14 days.  An appropriate proposed order is submitted herewith.

## II.    THE COURT SHOULD FIND THE DEFENDANTS AND THE JUSTICES IN CONTEMPT AND GRANT APPROPRIATE AND NECESSARY REMEDIES.

The contempt power is available to deal with a party who does not comply with a judgment which orders the party to perform a specific act.  Fed. R. Civ. P. 70(e).  In addition to the express authority granted in Rule 70(e), "[t]he court also has broad, well-recognized inherent authority to protect the administration of trials by levying sanctions in response to abusive litigation practices." *Dietrich v. Sun Exploration & Production Co.,* 21 F.3d 427 at *8 (6th Cir. 1994); *Stalley v. Methodist Healthcare,* 517 F.3d 911, 920 (6th Cir. 2008) ("Our inherent powers include the ability to fashion an appropriate sanction for conduct which abuses the judicial process.").  The court has broad discretion in fashioning remedies for contempt. *See, e.g., U.S. v. Butler*, 1:15-MC-00002-GNS, 2016 WL 2587191, at *2 (W.D. Ky. May 4, 2016) (*citing Elec. Workers' Pension Tr. Fund v. Gary's Elec. Serv. Co*., 340 F.3d 373, 378 (6th Cir. 2003)).

As discussed below, the potential remedies can include both making conclusive factual findings and using the Court's contempt powers to require the officers and directors of companies that defy court orders to personally comply with those orders.

## A.    The Court Should Make Findings of Fact Regarding Alter Ego/Corporate Veil.

Courts have the power to impose sanctions in the form of factual findings that other persons are alter egos of the judgment debtor. *See, e.g.*, *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 412-14 (5th Cir. 2004) (affirming the district court's sanction deeming an individual to be the alter ego of the company); *Flame S.A. v. Industrial Carriers, Inc.,* 39 F. Supp. 3d 752, 766 (E.D. Va. 2014) (affirming a sanction deeming that two companies were alter egos of each other).  Similarly, the Defendants' blatant violation of the "Pay Immediately" Order, especially with their history of contumacious behavior,[2] justifies such a conclusive and remedial finding that the

---

[2] *See, e.g.*, D.E. 189 at 16: "Defendants plainly had the ability to comply with the Court's orders, but chose to treat them as mere paper tigers. Indeed, having appropriately responded to some of Plaintiffs' discovery, but refusing other discovery even after Court-ordered, Defendants' refusal is the very definition of contumaciousness."

Defendants are the alter egos of the Justice Respondents. Such a finding would be remedial because it supports requiring the Respondents personally to pay the legal fees previously ordered as discussed in the following section.

**B.    The Court Should Enter Contempt Sanctions Against the Justices Holding them Responsible for the Violation of the Court's Order by Requiring Them to Pay the Fees Ordered Immediately.**

**1.   The Defendants are in Contempt.**

The Defendants and the Justices clearly are in contempt.  As of the filing of this Motion, they have not obeyed the Court's "Pay Immediately" Order.  They have not paid anything.  *See* Declaration of John A. Lucas ("Lucas Declaration) (<u>Exhibit B</u> hereto), ¶2.  In a telephone conversation on March 22, 2022, Defendants' counsel, Mr. Hatfield confirmed that the Defendants' the Defendants had not paid anything because their position was that the Court did not have authority to enter the "Pay Immediately" Order.  *See* Lucas Declaration, ¶3.[3]

**2.   Corporate Directors and Officers, as Persons Responsible for Controlling a Corporation, Can Be Held in Contempt for Not Requiring Their Corporation to Obey Court Orders.**

Like all corporations, these Defendants act through their officers and directors. The Court should require the Justice family members who are responsible for their companies' actions and failures to act to pay the $1,041,496.57 in attorneys' fees and expenses awarded.

The law is clear that even if they are not parties to the suit, individuals can be held in contempt if they are officers or directors of a corporate judgment debtor and do not cause their company to comply with court orders.  Due process does not require otherwise; it only requires that the Court allow them to respond to this Motion.  Because the Defendants have not obeyed the

---

[3] Mr. Hatfield also confirmed that he had given a copy of the Order to his boss and that his understanding was that his boss had either given it to the directors or had at least made them award of what it said.  *Id.*

Court's "Pay Immediately" Order, as the Supreme Court stated in *Wilson v. United States*, 221 U.S. 361, 376 (1911), its officers and directors are "responsible for [the Defendants'] affairs" and if they "either prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt."

Accordingly, the Sixth Circuit has held that it "is clearly established in both this circuit and the Supreme Court" that "an unnamed party such as a corporate officer can be subject to and bound by a court order." *Elec. Workers' Pension Trust. Fund v. Gary's Elec. Serv. Co., v. Gary's Elec. Service Co.,* 340 F.3d 373, 379-80 (6th Cir. 2003). Thus, even though the Justices are not parties to this lawsuit, the Court has the power to sanction them for contempt for failing to obey the "Pay Immediately" Order. In fact, in *Electrical Workers' Pension Trust Fund* the Sixth Circuit held that the district court's failure to hold a non-party corporate officer in contempt was an abuse of discretion.  Citing extensive Supreme Court precedent, the court held:

> Thus, taking our cues from the Supreme Court in *Rylander* and *Wilson,* we determine that if a corporate officer avoids a court's order to the corporation by failing to take action or attempt compliance, 'they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.' Moreover, we hold that because a civil contempt ruling either attempts to coerce compliance or compensate the complainant for losses, it is fully appropriate to impose judicial sanctions on the nonparty corporate officer. *See United Mine Workers,* 330 U.S. at 303-04, 67 S. Ct. 677.

340 F.3d at 383 (internal citations and quotation marks are sometimes omitted herein). The court explained that this was because the individual held in contempt was "as an officer of the corporation and the one responsible for the corporation's affairs, was subject to the court's order just as the corporation itself was." 340 F.3d at 382.  As "the one responsible for the corporation's affairs," the officer "either prevent[ed] compliance or fail[ed] to take appropriate action within [his] power for the performance of the corporate duty." *Id*. at 382.  The same obviously is true

here.

**C.**     **The Court Should Order the Justices to Pay the Attorneys' Fees and Expenses Incurred in Connection with  this Motion, Including the Motion for Miscellaneous Relief.**

The Court should also order the Justice Respondents to pay immediately the Plaintiffs' attorneys' fees and expenses incurred in connection with both this Motion and the Motion for Miscellaneous Relief and related briefing.  The Plaintiffs request that the Court grant them leave to file a statement of fees and expenses within 21 days after the Court's ruling on this Motion.

### III.     CONCLUSION

In *Wilson v. United States*, *supra,* the Supreme Court held:

> As the corporation can only act through its agents, the courts will operate upon the agents through the corporation. When a copy of the writ which has been ordered is served upon the clerk of the board, it will be served on the corporation and be equivalent to a command that the persons who may be members of the board shall do what is required. If the members fail to obey, those guilty of disobedience may, if necessary, be punished for the contempt. Although the command is in form to the board, it may be enforced against those through whom alone it can be obeyed. . . . While the board is proceeded against in its corporate capacity, the individual members are punished in their natural capacities for failure to do what the law requires of them as the representatives of the corporation.

*Wilson,* 221 U.S. at 377 (quoting *Commissioners v. Sellew,* 99 U.S. 624 (1879). So, too, should the "Pay Immediately" Order be "enforced against those through whom alone it can be obeyed."

According, the Plaintiffs request that the Court enter an order granting the following relief:

(1) An order requiring James C. Justice, III and Jillian Justice to show cause why they should not be held in contempt of Court;

(2) An order directing the Justices, jointly and severally, to pay to the Plaintiffs immediately the sum of $1,041,496.57, together with (i) prejudgment interest at the rate of 8% per annum, compounded annually, from April 22, 2020, until fully paid, and (ii) post-judgment interest as prescribed by law;

6

(3)  Conclusive findings of fact that the Defendants are the alter egos of the Justices;

(4)  An order directing the Justices, individually, to pay Plaintiffs' immediately all their attorneys' fees and expenses incurred in connection with the Motion for Miscellaneous Relief (D.E. 533) and this Motion; and

(5) Such other relief as the Court may deem necessary and proper.

<table>
<tr><td>

*/s/ Scott M. Webster*
Scott M. Webster
**TOOMS, DUNAWAY & WEBSTER**
1306 West Fifth Street, Suite 200
P.O. Box 905
London, Kentucky 40743
606-864-4145
*swebster@toomsdunaway.com*
**Counsel for Plaintiffs**

</td><td>

*/s/ John A Lucas*
*John A. Lucas (011198), *jlucas@bskplc.com*
*W. Edward Shipe (023887), *eshipe@bskplc.com*
**BROCK SHIPE KLENK PLC**
265 Brookview Centre Way, Suite 604
Knoxville, Tennessee 37919
865-338-9700
**Counsel for Plaintiffs**
***admitted pro hac vice***

</td></tr>
</table>