UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC., *et al*, <br><br> Plaintiffs, <br><br> V. <br><br> KENTUCKY FUEL CORPORATION, *et al*, <br><br> Defendants. | Civil No. 6:12-cv-00091-GFVT-HAI <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Plaintiffs' Motion for Withdrawal of a Supersedeas Bond. [R. 650.] Attorney Richard Getty and his firm deposited $10,000 with the Court to stay a judgment for Rule 11 sanctions pending appeal. [R. 479.] The Sixth Circuit affirmed the sanctions. [R. 643 at 2.] Because there is no longer a dispute as to entitlement to the funds, the Court will disburse the money to the Plaintiffs.

**I**

On April 24, 2020, the Court ordered Rule 11 sanctions against the Getty Law Group and Mr. Richard Getty in the amount of $10,000. [R. 466.] Mr. Getty and his firm appealed the sanction to the Sixth Circuit. [R. 473.] Meanwhile, Mr. Getty requested a stay of the $10,000 judgment pending his appeal. [R. 469.] Pursuant to Rule 62(b), he proposed to pay $10,000 into court as a supersedeas bond to provide security for the Plaintiffs. *Id.* at 2. Mr. Getty averred that he "and his firm intend to fully pay the sanctions if that portion of the Order is ultimately upheld

by the Sixth Circuit." *Id.* at 2–3.  The Court granted his request, and The Getty Law Group, LLC, paid the funds. [1] [R. 474; R. 479.]

On August 9, 2022, the Sixth Circuit affirmed the Rule 11 sanctions and returned the matter to this Court by mandate. [R. 643 at 2; R. 648.]  The Plaintiffs then asked the Court to order the supersedeas bond be paid to them. [R. 650.]  While the Plaintiffs initially asked for interest on the bond, they withdrew that request and now ask only for the original $10,000 sum. [R. 691.]  Neither the Defendants nor Mr. Getty and his firm responded to the request.  The matter is now ripe for review.

**II**

New London and Fivemile ask the Court to release the bond via Rules 65.1 and 67. [R. 650.]  Rule 65.1 provides a mechanism to proceed against a security provider through a motion rather than an independent action.  Fed. R. Civ. P. 65.1; 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2971 (3d ed. 2022).  A party may obtain a stay on the execution of a judgment by providing a bond or other security.  Fed. R. Civ. P. 62(b).  In appropriate cases, this can be accomplished by paying money into the registry of the court.  12 Wright & Miller, *supra* § 2991 n.4.  In this scenario, a Rule 65.1 motion is appropriate because the rule applies whenever the rules of civil procedure "allow a party to give security . . . ."  Fed. R. Civ. P. 65.1; 11A Wright & Miller, *supra*, § 2971.

Money paid into court can only be withdrawn by order of the court.  Fed. R. Civ. P. 67; 28 U.S.C. § 2042.  In the absence of a stipulation by the parties, the court must determine to whom the fund will be paid.  12 Wright & Miller, *supra* § 2992; *accord Klayman v. Judicial*

---

[1] The Court's order granted sanctions against Mr. Getty and his firm but required the Defendants to pay the $10,000 sanction. [R. 466 at 13.]  In his motion for a stay, Mr. Getty opined that "the undersigned sees no reason for the Defendants to be saddled with a penalty assessed against their counsel." [R. 469 at 2 n.1.]  Mr. Getty's firm ultimately paid the bond. [R. 479.]

*Watch, Inc.*, 650 Fed. App'x 741, 743 (11th Cir. 2016).  Funds should only remain deposited with a district court while there is an active dispute regarding ownership.  *Mfrs. Hanover Overseas Cap. Corp. v. Southwire Co.*, 589 F. Supp. 214, 221 (S.D.N.Y. 1984).  Accordingly, when the dispute is resolved, the district court should disburse the funds to the prevailing party. *See id.* at 221–22; *see also Hunter v. Town of Mocksville*, 271 F. Supp. 3d 787, 790 (M.D.N.C. 2017) ("A distribution is particularly appropriate where ownership of the funds is no longer in dispute.").

The Court finds that New London and Fivemile are entitled to the $10,000.  Mr. Getty paid the funds into court as security for the Rule 11 sanctions.  [R. 474; R. 479.]  By his own terms, Mr. Getty agreed to "pay the sanctions if that portion of the Order is ultimately upheld by the Sixth Circuit."  [R. 469 at 2–3.]  The Sixth Circuit upheld the sanctions.  [R. 643 at 2.]  No one has opposed New London and Fivemile's request for disbursement of the $10,000.  As there is no longer any dispute to entitlement to the funds, the Court will pay them out to New London and Fivemile.

### III

Accordingly, for these reasons and the Court being otherwise sufficiently advised, it is hereby ordered as follows:

1. The Plaintiffs' Motion **[R. 650]** is **GRANTED**; and

2. The Clerk is **DIRECTED** to disburse the $10,000 paid into court **[R. 479]** to Brock Shipe and Klenk PLC as counsel for the Plaintiffs, at 265 Brookview Centre Way, Suite 604, Knoxville, Tennessee 37919, to be held in trust for the Plaintiffs, in satisfaction of this Court's judgment of $10,000 for Rule 11 sanctions [R. 466; R. 467].

This the 23rd day of March 2023.

Gregory F. Van Tatenhove
United States District Judge