UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| NEW LONDON TOBACCO MARKET, INC., *et al*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 6:12-cv-00091-GFVT-HAI |
| V. | ) ) | |
| KENTUCKY FUEL CORPORATION, *et al*, | ) ) ) ) | **MEMORANDUM OPINION** **&** **ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on certified facts and a recommendation of civil contempt from Magistrate Judge Hanly Ingram. [R. 644.] After the Defendants failed to abide by discovery requirements, Judge Ingram adopted an agreed order proposed by the parties that required the Defendants to pay the Plaintiffs' attorneys' fees and expenses associated with the depositions of some of the Defendants' officers, directors, and attorneys as well as their expenses related to a motion for sanctions. [R. 623.] The Defendants did not pay on time. Now, Judge Ingram recommends that the District Court find them in contempt. Because magistrate judges possess limited authority over civil contempt in a case like this, the Court will set a hearing date to determine whether the Defendants and their officers, James C. Justice, III, and Jillian Justice, should be found to be in contempt of court.

**I**

Due to a litany of litigation misconduct in this matter, the Court entered default judgment against the Defendant Entities as a sanction. [R. 206.] After Magistrate Judge Hanly Ingram conducted an evidentiary hearing on damages, the Court adopted a modified version of his

recommendation and entered judgment.  [R. 445; R. 446.]  The Defendant Entities appealed and proceeded to argue the matter before the Sixth Circuit.  [R. 471; R. 473.]

Meanwhile, New London and Fivemile prepared to collect their judgment.  [*E.g.*, R. 483.] They believe that the Justice family officers fraudulently transferred assets to ensure that the Defendant Entities would ultimately be judgment proof.  [R. 512 at 1.]  So, New London and Fivemile engaged in post-judgment discovery targeted at collection, potential fraudulent transfers, and evidence that the Defendant Entities are the alter-egos of the Justice family.  *Id.* at 2.  Frustrated with the responses that they received, New London and Fivemile requested a discovery dispute teleconference with Judge Ingram.  [R. 489; R. 565 at 3.]

At the hearing, Judge Ingram permitted New London and Fivemile to file a motion to compel.  [R. 491.]  He also advised the Defendant Entities of their duty to comply with discovery requests, instructed them to document their efforts to comply, directed them to provide audio of the hearing to their clients, and to preserve all documents related to the discovery at issue, regardless of whether they had deigned to produce them yet.  *Id.*

Subsequently, New London and Fivemile filed a motion to compel the Defendant Entities to fully respond to ten interrogatories and eighteen requests for production.  [R. 495.]  Judge Ingram ordered the Defendant Entities to fully respond to the ten interrogatories and eighteen requests for production by May 17, 2021.  [R. 505 at 3.]  Specifically, he required them to submit "complete narrative, sworn responses to all ten interrogatories."  *Id.* at 4.  He also ordered them to provide disclosure of the hundred-plus businesses within the Justice family network of entities.  *Id.* at 1–2.

New London and Fivemile requested supplemental disclosures from the Defendant Entities on March 31, 2022.  [R. 609-1.]  When the responses were unsatisfactory, they moved

for discovery sanctions pursuant to Rule 37(d).  [R. 609.]  Before the Court imposed sanctions, the parties came to an agreement.  [R. 622.]  The Defendant Entities agreed to pay New London and Fivemile's attorneys' fees and expenses incurred in connection with the motion for discovery sanctions.  *Id.* at 1.  The Defendants also agreed to pay New London and Fivemile's fees relating to the depositions of the Defendant Entities' directors, officers, and attorneys.  *Id.*

Judge Ingram adopted the parties' agreement and ordered that the expenses be paid.  [R. 623.]  He required New London and Fivemile to file a statement of their expenses and gave the Defendants an opportunity to respond.  *Id.* at 1.  Judge Ingram required counsel for the Defendants to inform James C. Justice, III, Jillian L. Justice, and Steven Ball of the Court's order and to provide each of them with a copy of it.  *Id.* at 2.

New London and Fivemile filed their statement of fees on June 29, 2022.  [R. 627; R. 628.]  The Defendants did not respond.  On July 15, the Court approved the expenses and awarded New London and Fivemile the full amount that they requested, $137,213.54.  [R. 631.]  Accordingly, Judge Ingram's prior order required the Defendants to pay within five working days.  [R. 623 at 1–2.]  New London and Fivemile received only $5,934.79 before the deadline and that sum came from the Defendants' lawyers.  [R. 634 at 4.]

New London and Fivemile then filed the instant Motion for Show Cause Order.  [R. 634.]  They ask the Court to order the Defendant Entities and their directors, James C. Justice, III, and Jillian Justice, to explain why they should not be found in contempt of court.  *Id.*  They argue that both the Defendant Entities and the Justices knew of and failed to comply with Judge Ingram's clear and unambiguous expense payment order.  *Id.* at 4.

In response, the Defendants reassert a familiar refrain that the Defendant Entities have no ability to pay.  [*See* R. 637 at 1 ("Defendants' long-standing inability to pay is continuing . . . .");

3

*see also* R. 595 at 30 (Defendants claiming during a prior show cause hearing that they have no funds).]  Mere sentences later, the Defendants claim the show cause motion is moot because they paid the $137,213.54 in full "with considerable difficulty."  *Id.*

In reply, New London and Fivemile argue that their motion is not moot because the Defendants were in contempt of court from July 22 to August 4.  [R. 640 at 2.]  They ask for compensatory damages in the form of attorneys' fees associated with filing the show cause order. *Id.* at 3.  Also, because the $137,213.54 was a liquidated sum, they ask for interest for the period during which the Defendants were in contempt of court.  *Id.*

Because the show cause motion asks for a finding of civil contempt, Judge Ingram prepared certified facts and a recommended disposition pursuant to 28 U.S.C. § 636(e)(6).  [R. 644 at 4.]  He found that there is no dispute that the Defendants were in violation of the Court's payment order from July 22 to August 4.  *Id.* at 5.  Further, he certified that the Defendants paid $5,934.79 on July 26 and $131,263.75 on August 4.  *Id.*  He recommended that the Defendants be found in contempt of court for failure to pay by the July 22 deadline.  *Id.*  He suggested that the Court award interest in the amount of $379.21 and that the Defendants should be ordered to pay New London and Fivemile's expenses associated with the motion for a show cause order. *Id.* at 6.

Fifteen days later, the Defendants objected to Judge Ingram's recommendation.  [R. 649.] They reassert their inability to pay as a defense to contempt.  *Id.* at 1.  They claim to have conclusively established their inability to pay in an evidentiary hearing before this Court on April 18, 2022.  *Id.* at 1–2; [*See* R. 593 (hearing minutes); R. 595 (hearing transcript).]  They also claim to have gained no new ability to pay from the time of the prior hearing through their July

4

deadline to pay. *Id.* at 2–3. They demand a hearing before the District Court should the Court find their argument regarding inability to pay to be unpersuasive. *Id.* at 2–3.

## II

The Court must clarify the applicable procedure. Magistrate judges possess limited authority to discipline civil contempt in cases where the parties have not consented to their jurisdiction. *Compare* 28 U.S.C. § 636(e)(4) (granting magistrates the full authority of the district court to impose civil contempt sanctions in consent cases) *with id.* § 636(e)(6)(B) (requiring submission to the district judge); *see also Bennett v. Gen. Caster Serv. of N. Gordon Co.*, 976 F.2d 995, 998 n.7 (6th Cir. 1992) ("Congress specifically withheld from magistrate judges jurisdiction over contempt proceedings."). If a magistrate judge believes that an act committed in his presence constitutes civil contempt, he can "certify the facts to a district judge." 28 U.S.C. § 636(e)(6)(B). "The district judge shall thereupon hear the evidence" and can punish the contemnor "in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*

One federal appellate court has meaningfully considered these procedural requirements. The Third Circuit compared the procedure contemplated for civil contempt with the process by which a magistrate judge can submit a report and recommendation for de novo review to a district judge. *Wallace v. Kmart Corp.*, 687 F.3d 86, 90–91 (3d Cir. 2012). Therein, the appellate court noted that Section 636(b)(1)(B) requires the district judge to make a de novo determination; whereas, Section 636(e)(6)(B) mandates that the district judge hear the evidence. *Id.* at 91. The key difference is that, in civil contempt proceedings, a district judge must give the parties an opportunity to advocate before him rather than relying on the record developed by the magistrate judge. *Id.*

The Court finds the Third Circuit's reasoning to be persuasive.  It will afford the parties an opportunity to present arguments as to whether the Defendants should be held in contempt based on the facts certified by Judge Ingram.  *Accord NLRB v. Steele*, No. 07-50712, 2007 U.S. Dist. LEXIS 101471, at *2 (E.D. Mich. Nov. 8, 2007); *Gen. Conference Corp. of Seventh-Day Adventists v. McGill*, No. 1:06-cv-01207-JDB-egb, 2012 U.S. Dist. LEXIS 48160, at *11–12 (W.D. Tenn. Apr. 5, 2012).

### III

Accordingly, for these reasons and the Court being otherwise sufficiently advised, it is hereby ordered as follows:

1. The Plaintiffs' Motion to Show Cause **[R. 634]** is **GRANTED**; and

2. The Court will schedule a hearing by subsequent order.

This the 28th day of March 2023.

Gregory F. Van Tatenhove
United States District Judge