UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC., and FIVEMILE ENERGY, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>KENTUCKY FUEL CORPORATION and JAMES C. JUSTICE COMPANIES, INC., <br><br>Defendants. | No. 6:12-CV-91-GFVT-HAI <br><br>RECOMMENDED DISPOSITION |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Court considers Plaintiffs' calculation of fees owed in connection with the appeal in this matter (D.E. 722), along with Defendants' objections (D.E. 724).

**I.**

After remand from the Sixth Circuit, Plaintiffs filed a Motion for Miscellaneous Relief, providing a proposed post-remand roadmap. D.E. 646. The motion requested, among other things, "an award of attorneys' fees and expenses in connection with the appeal." *Id*. at 1. Plaintiffs argued, "The law is well established that where a contract provides for an award of fees to the prevailing party, then the fees incurred on appeal also are recoverable." *Id*. at 3. The motion says that "the appeal 'plainly relates' to the parties' contract," and quotes the contractual provision that allots to the prevailing party all costs, fees, and expenses from "any lawsuit" that "arises out of or relates to" the contract. *Id*. at 4. As stated in the "Fourth Amendment," the contract at issue in this case,

> 14. **Costs.** If any lawsuit, arbitration or other action is commenced or taken that arises out of or relates to this Agreement, the prevailing party shall be entitled to recover from the defaulting party all costs, fees and expenses, including all attorney fees and expenses, incurred in connection therewith.

D.E. 40-5 at 7.

In the resulting Memorandum Opinion, Judge Van Tatenhove rejected Defendants' argument that the appeal fees should be assessed on a claim-by-claim basis. "Instead, the parties [in the contract] contemplated the defaulting party paying 'all' fees 'in connection' with litigation. Kentucky Fuel is the defaulting party, and the appeal was connected to this lawsuit. The parties' agreement, therefore, requires an award of fees from the appeal." D.E. 714 at 16. The Opinion states,

> New London's claim for fees stems from its contract, not from a statute. And the contract at issue authorized fees for all claims related to the agreement. . . . [A]ll of New London's claims stem from Kentucky Fuel's breach of the Fourth Amendment to the original lease assignment contract. . . . All the claims in this litigation stem from Kentucky Fuel's failure to pay. . . . The Court will . . . award fees incurred upon appeal subject to an accounting and a review for reasonableness.

*Id.* at 16-17. The Opinion orders that "under Section 14 of the Fourth Amendment, Defendants owe attorneys' fees and expenses incurred by Plaintiffs in connection with the appeal." *Id.* at 19. Judge Van Tatenhove referred the calculation of the amount owed to the undersigned for a recommendation under 28 U.S.C. § 636(b)(3). *Id.*

On September 15, 2023, Plaintiffs filed their accounting of fees, along with declarations of attorneys Shipe and Webster. D.E. 722. On September 29, Defendants filed objections. D.E. 724. They allege two deficiencies in Plaintiffs' accounting of fees.

## II.

Defendants' first objection is as follows:

> Many of the time entries on the bills submitted by Plaintiffs' counsel (Doc. 722-2 and Doc. 722-5) indicate the time was spent dealing with the "sanctions" or "Getty" appeal, which is an entirely separate issue from the dispute between the parties. As such, the Defendants should not be required to pay any

>    attorney fee associated with this separate appeal. *See* [*Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991)].

D.E. 724 at 1.

The appeal of the Judgment in this matter was case 20-5565 before the Sixth Circuit. *See* D.E. 642. There was a separate appeal of a sanction award against Getty Law Group for making a frivolous filing—case 20-5567. *See* D.E. 643. Both cases were argued together before the Sixth Circuit, and the appellate court issued separate opinions on both cases on August 9, 2022. The Getty sanctions stemmed from a Rule 59(e) motion in which Getty restated arguments that the Court had already rejected. The argument in that motion was that the Court violated Defendants' due-process rights by accepting the Conway Report as the measure of value of the mineable coal. D.E. 643.

Defendants thus argue the Getty appeal was "an entirely separate issue from the dispute between the parties." D.E. 724 at 1. However, as Judge Van Tatenhove made clear, the award of attorney fees for the appeal is based on paragraph 14 of the Fourth Amendment, which awards fees on any action "that arises out of or relates to" the Fourth Amendment. D.E. 40-5 at 7. This contractual language, not any statute, is what governs this Recommendation. And the Getty matter clearly arose from and related to the Fourth Amendment. The Getty matter would not have arisen but for Getty's filing challenging the Court's use of the Conway Report. The Conway report was made pursuant to section 7 of the Fourth Amendment as an aid to calculating damages following Defendants' breach of the Fourth Amendment's covenant to mine. D.E. 40-5 at 6. The sanctions were directed at Mr. Getty, but his conduct arose from a dispute over the interpretation of the Fourth Amendment. There is simply no separating the Getty matter from the appeal of the judgment in this case when it comes to the award of fees for work done on the appeal.

Additionally, under paragraph 14 of the Fourth Amendment, "the prevailing party shall be entitled to recover from the defaulting party all costs, fees and expenses, including all attorney fees and expenses, incurred in connection therewith." D.E. 40-5 at 7. The costs and fees for the Getty matter were incurred "in connection" with the litigation concerning Defendants' breach of their obligations under the Fourth Amendment. Costs and fees associated with the Getty matter are thus recoverable.

### III.

Defendant's second objection concerns block-billing. D.E. 724 at 1-2. They point specifically to entries for September 8, 9, and 10 and October 1, 2020. *See* D.E. 722-2 at 3-5, 9. The Court has studied Plaintiffs' timesheets, including the entries to which Defendants specifically object, and finds they are not impermissibly block-billed. Each entry is sufficiently detailed. It is true, as Defendants point out, that several members of Plaintiffs' team were working simultaneously on similar issues. *Id*. But there does not appear to be any impermissible doubling of efforts. The accounting looks like what one might expect with multiple attorneys and staff working together on a complex and multifaceted case.

Defendants complain it impossible on the timesheets to separate the work done on the Getty appeal to the work done on the appeal of the Judgment. D.E. 724 at 2. But the Court has already determined awarding fees is appropriate as to both appeal cases.

### IV.

The undersigned finds that Defendants' objections to Plaintiffs' accounting of costs and fees associated with the appeal are not well-founded. Having considered Plaintiffs' timesheets (D.E. 722) and finding no issues, the undersigned hereby **RECOMMENDS** that the District Judge award **$239,133** to Plaintiffs. Given the oft-noted complexity and difficulty of this

4

litigation, this award of fees is reasonable. "[T]he amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991).

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 30th day of October, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge