# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC. and FIVEMILE ENERGY, LLC  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>KENTUCKY FUEL CORPORATION, and )<br>JAMES C. JUSTICE COMPANIES, INC. )<br>)<br>Defendants.  ) | No. 6:12-CV-00091-GFVT-HAI |

## PLAINTIFFS' REPLY IN SUPPORT OF EMERGENCY RENEWED MOTION FOR STATUS CONFERENCE AND FOR EXPEDITED CONSIDERATION

The Order Enforcing Writs of *Fieri Facias* [R. 737-2] affects the Plaintiffs' rights. The Defendants construe the two-page Order very differently in their Response. [R. 738] The short length of that Order means this Court can quickly review for itself and determine for itself.

But to the extent this Court would like a guide, the Order directly contradicts the Defendants' two primary positions. First, the Defendants claim that only Bluestone Mineral, Inc. (a non-party to this case) is affected by the Order. This is incorrect for three reasons:

(1) In the first sentence of the Order, the Court describes the motion as one affecting "garnishees … 6] Kentucky Fuel Corporation…."

(2) The Order uses the term "Subsidiaries" to include Kentucky Fuel Corporation before ordering that "Writs on each of the Subsidiaries… shall constitute a valid and perfected attachment" on all property of Bluestone ***Resources***, Inc. held by those Subsidiaries.

(3) Bluestone Mineral, Inc, Bluestone Resources, Inc., and all five of the "Subsidiaries" identified in the Order are companies subject to this Court's pending Recommended

1

Disposition & Order granting "a binding finding of fact that the companies owned and controlled by members of the Justice family that are identified on Deposition Exhibits 1 (D.E. 662-1) and 5 (D.E. 662-5) are the alter egos of the Defendants' shareholders, James C. Justice III and Jillean Justice." Doc. 697 at 37 (Recommended Disposition & Order). This shows that the entities identified in the Delaware Order are deeply involved in this case.

Second, the Defendants claim that the Plaintiffs do not explain how the relief ordered in Delaware would affect the Plaintiffs' rights. It would affect the Plaintiffs in two ways:

(1) The Delaware Court ordered "notice of the sale to other creditors[.]" The Plaintiffs were creditors of Kentucky Fuels Corporation in this matter until the partial reversal and will be again. However, it is not a current creditor until such time as it receives its final judgment. Consequently, the Plaintiffs seek to protect their rights as creditors and to receive notice to protect their interests.

(2) The Delaware Court ordered that the Subsidiaries, *including KFC*, respond with verified answers to the writs within 15 days of service. But, if they fail, they are "subject to being held in contempt of this Court, along with the entry of money judgments against the Subsidiaries in the same amount as the Judgment[.]" As shown in this case, KFC does not respond to post-judgment discovery, even when facing the possibility of contempt. The Plaintiffs seek to protect their claims against KFC directly and against the other Justice Family affiliates.

The Plaintiffs ask the Court for relief and have shown good cause for such relief on an emergency basis.

2

Respectfully submitted,

| | |
|---|---|
| */s/ Scott M. Webster* | */s/ W. Edward Shipe* |
| Scott M. Webster | *W. Edward Shipe (023887) |
| **TOOMS, DUNAWAY & WEBSTER** | **BROCK SHIPE KLENK PLC** |
| 1306 West Fifth Street, Suite 200 | 265 Brookview Centre Way, Suite 604 |
| P.O. Box 905 | Knoxville, Tennessee 37919 |
| London, Kentucky 40743 | 865-338-9700 |
| 606-864-4145 | eshipe@bskplc.com |
| swebster@toomsdunaway.com | ***admitted pro hac vice** |
| **Counsel for Plaintiffs** | |

3