UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC., *et al*, | ) ) ) |
| Plaintiffs, | ) ) Civil No. 6:12-cv-00091-GFVT-HAI ) |
| v. | ) ) **ORDER** |
| KENTUCKY FUEL CORPORATION, *et al*, | ) ) ) ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendants' Motion to Continue Payment. [R. 726.] A long, long time ago, the Court granted Plaintiffs default judgment on multiple counts of their Complaint due to the Defendants' failure to comply with discovery. [*See* R. 206.] For a *decade*, the Defendants antics have continued. Their perpetual reluctance to cooperate has resulted in admonishment, sanctions, and ever-increasing fiscal liabilities in the form of attorneys' fees and expenses. As a result of Defendants' recent refusal to obey a discovery order, the Court, pursuant to Federal Rule of Civil Procedure 37(b)(2), awarded Plaintiffs $194,258.95 in attorneys' fees and expenses, and ordered the Defendants to transmit payment within fifteen days. [R. 723.] Now, the Defendants ask the Court for an indefinite continuance of their deadline to pay these fees owed. [R. 726.]

The Defendants are two corporations, and their argument is simple: they have no ability to pay the fees owed or to satisfy the judgment against them. According to Defendants, they have no operations, revenues, or unencumbered assets. *Id*. Thus, they believe that a continuance

of their deadline to pay is necessary, rather than ordering payment now and then proceeding down the now well-beaten path of considering another contempt order. [R. 730.]

The Defendants' argument is not new—their alleged inability to pay has been before the Court previously. [*See* R. 595.] In all actuality, their alleged insolvency is why this case still exists. [*See* R. 505 ("the complexity of the ownership and relationship among these business entities is the *reason* that further discovery is proper.")] For a while now, the Defendants have claimed that they have no ongoing operations, no employees, no revenue generating activities, and had operated at a loss in the years immediately preceding the award of default judgment. [R. 726; *see also* R. 590.] The Plaintiffs response has consistently been that while it may be the case that the Defendants bank accounts show zero, the Defendant corporations are part of ecosystem of corporate entities closely controlled by the Justice Family. [*See e.g.*, R. 595 at 9; R. 732 at 16.] The Plaintiffs also believe there to be a potential of finding evidence related to the fraudulent transfers of assets from Defendants to affiliated companies and insiders. [*See* R. 496 at 5.] Thus, extensive post-judgment and post-appeal litigation has ensued to determine with particularity the current state of the Defendants' assets, documents related to those assets, and whether fraudulent transfers of assets to affiliated companies and insiders is at play.

In their efforts to gain a deeper understanding of the Defendants' finances and how they might be interconnected to the rest of the Justice-owned corporate ecosystem, the Plaintiffs sought post-judgment discovery. Unfortunately, due to the Defendants' all-to-familiar tactics of non-cooperation and delay, more years have passed, and no one on the outside is closer to understanding the corporate web within which Defendants are only two strands. [*See* R. 697.] That being the case, the Court is unconvinced that a continuance of any duration is warranted. The Defendants' own actions are the very reason why the Parties are at this juncture. On the one

hand, the Defendants exclaim "we can't pay, we can't pay!" Yet, on the other hand, the Defendants refuse, even after being ordered to do so by Judge Ingram, to meaningfully respond to interrogatories or to turn over responsive documents related to their current and past financial standing. The Defendants cannot have their cake and eat it too.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that the Defendants' Motion to Continue Payment Deadline [**R. 726**] is **DENIED**.

This the 9th day of July 2024.

Gregory F. Van Tatenhove
United States District Judge

3