UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC., *et al*,<br><br>  Plaintiffs,<br><br>v.<br><br>KENTUCKY FUEL CORPORATION, *et al*,<br><br>  Defendants. | Civil No. 6:12-cv-00091-GFVT-HAI<br><br>**ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon a Recommended Disposition filed by Magistrate Judge Hanly Ingram. [R. 729.] Judge Ingram found that the Plaintiffs' accounting of costs and fees associated with the appeal of final judgment to be reasonable.

After the Court entered default judgment and awarded damages, the Defendants appealed to the Sixth Circuit. [R. 471; R. 473.] On remand, the Plaintiffs asked the Court to amend the judgment and chart a path forward based on the decisions made by the appellate Court. [R. 646.] Subsequently, the Court entered a housekeeping order reevaluating three portions of the judgment in light of the Sixth Circuit's ruling. [R. 714.] As part of that extensive housekeeping order, the Court ordered that, under Section 14 of the Fourth Amendment[1], Defendants owe attorneys' fees and expenses incurred by Plaintiffs in connection with the appeal. *Id*. at 19. Calculation of the amount owed, subject to a reasonableness review, was referred to Judge Ingram to prepare a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(3). *Id*. Judge

---

[1] The "Fourth Amendment" refers to the Fourth Amendment of Assignment of Leases and Permits, a contractual agreement between the Parties that rests at the core of this matter. [*See* R. 1-7.]

Ingram has performed his review and, having found no issues, recommends that the Court award $239,133 to Plaintiffs.

The Defendants have objected to Judge Ingram's recommended disposition. [R. 734.] They believe they are entitled to a *de novo* determination by this Court, asking that this Court reduce Plaintiffs' award of attorney fees related to the appeal by a reasonable amount. *Id*. at 3. The Court, however, finds that a *de novo* determination of the attorney's fee issue is unwarranted.

To receive review of a Magistrate Judge's recommendation, parties must timely file specific objections to it. *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). A district court must make a *de novo* determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Only specific objections, rather than generalized complaints, receive review. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Upon review, the Court concludes that the Defendants' objection is precisely the type of generalized and conclusory objection that fails to trigger a more exacting review of the Magistrate Judge's recommendation. The Sixth Circuit has previously explained that one of the fundamental purposes of the Magistrate's Act is to aid in the efficient administration of justice. *Howard v. Sec. of Health and Hum. Serv.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Walters*, 638 F.2d 949). Judicial economy is supported by requiring litigants' objections to focus the Court's attention to specific issues. *See id*. Otherwise, "any issue before the magistrate judge would be a proper subject for appellate review, and this would be an inefficient use of judicial resources."

*Id.* (citation omitted) (cleaned up).  Thus, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard*, 932 F.2d at 508-09).

Here, Defendants' objection does not meaningfully challenge Judge Ingram's recommended disposition.  Utilizing just three pages, Defendants merely reiterate the same arguments that they raised before Judge Ingram.  A quick comparison of Defendants' filings reveals that their objections to Judge Ingram's recommendation repeat, practically verbatim, the same words and sentences used in their objection to Plaintiffs' declarations in support of attorneys' fees.  [*Compare* R. 724 with R. 734.]

Defendant's conclusory objections are tantamount to a complete failure to object.  *See Slater*, 28 Fed. App'x at 513 (Plaintiff's "conclusory objection is insufficient to preserve her challenge to the district court's dismissal.").  Again, utilizing the magistrate judge for such issues is meant to promote judicial economy.  Defendants' verbatim recitation of their exact arguments rejected by Judge Ingram fails to meaningfully direct the Court's attention to actual issues that are dispositive and contentious.  If the Court were to entertain Defendants' objection, it would essentially result in relitigating the entirety of the referred issue, thereby making the initial reference to the magistrate judge useless.  Thus, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."  *Howard*, 932 F.2d at 509.

The only determination of Judge Ingram's that the Defendants specifically take issue with is Judge Ingram's conclusion that "[t]here is simply no separating the Getty matter from the appeal of the judgment in this case when it comes to the award of fees for work done on the appeal."  The Defendants' viewpoint is that the "sanctions" or "Getty" appeal is "an entirely separate issue from the dispute between the parties."  [R. 734 at 2.]  Judge Ingram rejected that argument.  Defendants devote three conclusory sentences and extrapolate a paragraph from the Sixth Circuit's opinion to argue why Judge Ingram's conclusion was erroneous.  According to the Defendants, the Sixth Circuit recognized a distinction between the Getty appeal related to sanctions and their appeal of final judgment because the Sixth Circuit issued separate opinions. *Id*.  As Judge Ingram observed, however, this Court already made clear that the award of attorneys' fees for the appeal is based on the contractual language agreed to between the Parties.  [R. 729 at 3; *See* R. 445.]  Because the Getty matter clearly arose from and related to a dispute over that contract—specifically, Richard Getty's filing challenging the Court's use of a report made pursuant to the contract—the Getty sanctions issue is directly related to the appeal of judgment.  Despite Defendants' contentions to the contrary, the Court agrees with Judge Ingram's conclusion on this point.  The fact of the matter is that the Getty sanctions issue was inextricably intertwined with the other appeal related to final judgment.  Thus, the Defendants' attempt to mitigate their exposure to attorneys' fees by leveraging the Sixth Circuit's separate considerations is unconvincing.

Having found that Judge Ingram's recommendation is sound and thorough, and having considered Defendants' objection, the Court finds no reason to disturb Judge Ingram's recommendation.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' Objections **[R. 734]** are **OVERRULED**;

2. Judge Ingram's Recommendation **[R. 729]** is **ADOPTED** as and for the opinion of the Court;

3. Plaintiffs' Statement of Attorneys' Fees, Expenses, and Costs [R. 722] is **ACCEPTED**; and

4. **Within thirty (30) days from the entry of this** Order, Defendants **SHALL PAY** **$229,233.00** in fees and expenses to W. Edward Shipe's firm and **$9,900.00** in fees and expenses to Scott Webster's firm, for a combined total of **$239,133.00** in fees and expenses.

This the 9th day of July 2024.

Gregory F. Van Tatenhove
United States District Judge