IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**NEW LONDON TOBACCO MARKET, INC.**,
and **FIVEMILE ENERGY, LLC**,

    *Plaintiffs*,

v.                                                           Case No. 6:12-CV-91-GFVT-HAI

**KENTUCKY FUEL CORPORATION**, and
**JAMES C. JUSTICE COMPANIES, INC.**,

    *Defendants.*

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND EXPENSES

    Defendants Kentucky Fuel Corporation and James C. Justice Companies, Inc., by counsel, respond in opposition to Plaintiffs' motion "for an award of all attorneys' fees and expenses" that evidently have never been regarded as recoverable until the Court recently entered its amended judgment on remand from the Sixth Circuit [R. 740]. Some of counsel's claimed fees and expenses, amounting to a whopping $648,466.19, are so old that they predate the pandemic [R. 743-2 at 1-3; R. 743-4 at 1-5].

    The basis for the motion appears to be the Court's July 9, 2024 Order [R. 742] adopting Judge Ingram's recommendation [R. 729] (the "Adoption Order") that Plaintiffs be awarded $239,133.00 in attorney fees and costs incurred on appeal, the results of which were decidedly mixed. The Adoption Order referred to the Court's August 30, 2023 Memorandum Opinion and Order [R. 714] setting forth the rulings encapsulated in the amended judgment.

Therein, the Court declined to analyze whether or to what degree Plaintiffs had prevailed on their claims in light of the Sixth Circuit's mandate, taking the view that a party, once in default, cannot prevail on *any* portion of *any* claim asserted by the opposition — presumably even if the claim proved illegitimate or fanciful. In so ruling, the Court relied on the parties' agreement that "the prevailing party shall be entitled to recover from the defaulting party all costs, fees and expenses . . . in connection therewith" [R. 714 at 16]. The Court opined that the contractual "language does not predicate recovery of attorneys' fees on a claim being successful," *id.*, concluding that notwithstanding Defendants' considerable success on appeal, apportionment of fees had been rendered "simply unnecessary." *Id.* at 17.

Fundamentally, according to the Court's reasoning, the demanded fees and expenses must at least relate to a claim (regardless of success) "in connection [with]" the default. Plaintiffs, however, seek to apply the Court's ruling out of context to recover *any* fees or expenses incurred during the pendency of this litigation, even those unrelated to any claim. For example, Plaintiffs seek reimbursement for conducting a background investigation of the undersigned counsel [R. 743-2 at 24], and their hundreds upon hundreds of attorney time entries are riddled throughout with billing for purely administrative matters such as drafting, reviewing, and finalizing fee applications [R. 743-2 at 1-2, 27-30, 32, 42, 44-47, 50-51]. Some of the entries bill for settlement discussions among the parties, which are not claim-specific. [R. 743-2 at 26-27, 35].

Indeed, it is doubtful that any fees or expenses incurred between entry of the initial judgment on April 24, 2020 [R. 467], and notification of the appeal's disposition on August 9, 2022 [R. 642], could be attributed to any claim. By its judgment, this Court adjudicated all claims, which were set in stone until the Sixth Circuit ruled — and Plaintiffs have already been awarded their fees and costs on appeal.

It appears that much of counsel's time on behalf of Plaintiffs during the pendency of the appeal was spent on obtaining discovery sanctions against Defendants [*e.g.*, R. 743-2 at 12, 15-18, 21, 27, 31-35, 37-41, 45, 48], and the subject of that discovery, that is, any available means of executing on the judgment [*e.g.*, R. 743-2 at 4, 6-16, 23].  But the Court has twice awarded Plaintiffs their fees and costs for discovery violations occurring during the appeal's pendency [R. 631, R. 723].  Plaintiffs obtained their fee awards as a monetary sanction in accordance with Federal Rule of Civil Procedure 37(b), evidencing their recognition that fees and expenses relating to discovery must be the subject of a sanctions motion, and not awarded as a matter of course pursuant to the parties' fee-shifting agreement.  Plaintiffs have had ample opportunity to make yet another Rule 37 motion seeking fees and expenses for their work during the years encompassing their application in the instant matter, but they have not done so.  Plaintiffs' lack of diligence should not be excused by their evident regard of the Adoption Order and its precursor as opening the floodgates for any and all work they imagine to have been directed at bringing Defendants to heel, no matter how tangential to their discrete claims.

For all the foregoing reasons, Defendants request that the Court deny in its entirety Plaintiffs' untimely motion for still more attorney fees and expenses.

Respectfully submitted,

KENTUCKY FUEL CORPORATION
JAMES C. JUSTICE COMPANIES, INC.

By Counsel:

*/s/ Steven R. Ruby*
Steven R. Ruby (WVSB #10752)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913

Charleston, WV 25323
Telephone:  (304) 345-1234
Facsimile:  (304) 342-1105
sruby@cdkrlaw.com
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 7, 2024, the foregoing *Defendants' Response in Opposition to Plaintiffs' Motion for Attorney's Fees and Expenses* was served upon counsel of record electronically.

*/s/ Steven R. Ruby*
Steven R. Ruby (WVSB #10752)
