UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NEW LONDON TOBACCO MARKET, INC., *et al*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>KENTUCKY FUEL CORPORATION, *et al*,<br><br>　　　　Defendants. | Civil No. 6:12-cv-00091-GFVT-HAI<br><br>**MEMORANDUM OPINION<br>&<br>ORDER** |

*** *** *** ***

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram, [R. 759], and Plaintiffs' Second Renewed Motion for Contempt and Sanctions. [R. 770.] There being no objections Magistrate Judge Ingram's Recommendation will be **ADOPTED** as and for the opinion of this Court and, given Defendants' continued obstructionism with regard to post-judgment discovery, Plaintiffs' Motion for Sanctions will be **GRANTED IN PART**.

I

A

This is a long and storied case, made ever longer by the Defendants' continued intransigence. On September 26, 2023, this Court awarded Plaintiffs $194,528.95 in attorney fees and expenses. [R. 723.] This payment was to compensate Plaintiffs for expenses incurred in litigating post-judgment discovery disputes. *Id*. Defendants were ordered to transmit that payment within fifteen days, or by October 10, 2023. *Id*. On October 10, 2023, Defendants moved to continue that payment deadline "indefinitely" due to their "inability to pay." [R. 726.]

On October 17, 2023, Plaintiffs filed a response in opposition to the requested deadline extension, [R. 727], and a motion for a show-cause order concerning the non-payment, asking the Court to require confirmation that the officers and directors of Defendants have knowledge of the order to pay. [R. 728.] This Court denied Defendants' motion, [R. 741], and found Jay Justice and Stephen Ball in contempt of court for failure to comply with post-judgment discovery. [R. 744.] Pursuant to 28 U.S.C. § 636(b) and this Court's referral, Judge Ingram reviewed the motion and prepared a Recommended Disposition. [R. 759.]

After considering the record, Judge Ingram determined that the $194,528.95 unpaid fee award is "directly related to the very conduct for which Mr. Ball and Mr. Justice have been found in contempt of court" and that Jay Justice and Stephen Ball should be "ordered to pay—as part of their contempt sanction—the $194,528.95 in attorney fees and expenses previously awarded to compensate Plaintiffs in their pursuit of post-judgment discovery concerning the Justice entities." [R. 759 at 2-3.]

**B**

Also at issue is the Plaintiffs' Second Renewed Motion for Contempt and Sanctions. [R. 770.] As the Court has already identified, this case has been marked by delay and obstruction on the part of the Defendants. [R. 744 at 1.] It was that very obstructionism that prompted this Court to hold Mr. Justice and Mr. Ball in contempt initially. *Id*. at 25. Frustrated by the Defendants' continued failure to obey Judge Ingram's discovery order, the Plaintiffs once again ask the Court to intervene. [R. 770.] It has been months since the Court's contempt order and, to the best of the Court's knowledge, the Defendants have still not complied. On October 15, 2024, the Court received $30,500 toward the contempt sanctions accrued by Mr. Justice and Mr. Ball, months after this Court's order, which the Defendants contend is evidence of good faith and a

2

"determination to satisfy the Court." [R. 771; R. 774 at 1-2.] Defendants even aver that "Mr. Justice and Mr. Ball will continue remitting timely sanctions payments to the Court until their contempt is purged." [R. 774 at 2.] However, to date no further payments have been made. The Plaintiffs Response suggests some effort has been made to comply with discovery, with Defendants producing two ledger reports on October 25, 2024. [R. 775 at 2.] As Plaintiffs note, however, this is relatively de minimis compliance which appears to have taken the Defendants less than ten minutes to procure and provide. *Id*.

## II

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections have been filed, and the time to do so has now expired. Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's recommendation.

### A

The Court now turns to the Plaintiffs' renewed request for sanctions. They argue these sanctions are needed to properly motivate the Defendants' compliance with the April 16, 2021, discovery order from Judge Ingram. [R. 505.]

A sanction imposed upon a finding of civil contempt is "designed to compel future compliance with a court order" and is "considered to be coercive and avoidable through

3

obedience." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). Daily fines until the alleged contemnor complies with a court order are an acceptable civil contempt sanction. *Id*. at 828-30. This Court has already considered the appropriateness of contempt and found that it was proper in this case following the finding that Mr. Justice and Mr. Ball had knowledge of Judge Ingram's order and yet chose to ignore it. [R. 744 at 19-21.] Starting out slowly, this Court imposed a fine of $250.00 a day on Mr. Justice and Mr. Ball until Judge Ingram's discovery order is fully complied with. *Id*. at 26. The Defendants take issue with Plaintiffs' motion for sanctions and "request that the Court deny Plaintiffs' latest attempt at subsidized motion practice and instruct them to cease and desist filing motions in connection with the sanctions order that continues in effect." [R. 774 at 2.] In their view, "it is not in the best interests of the Court (nor the parties) for Plaintiffs to reflexively file more contempt and sanctions motions in the hope of reaping additional attorney fee award." *Id*.

      Calling to mind the Lernaean Hydra, as soon as an order is issued by this Court dealing with Defendants' refusal to comply with discovery, another takes its place. The Court's contempt decision was directed at cauterizing the stumps and ensuring future compliance. As those goals have not yet been vindicated – through the Defendants' delay in complying with discovery and their delay in complying with their contempt penalties – the Court must further escalate the consequences for failure to comply. However, given that the Defendants have made some effort, albeit minimal, to provide discovery and pay their accrued contempt penalties, the Court will not yet take the step of levying a contempt fine in the amount of the judgment against Mr. Justice or Mr. Ball. Instead, the Court takes note of Plaintiffs' alternative suggestion of ratcheting up the penalties and establishing a hard deadline for full compliance with the discovery order, [R. 775 at 3], as well as Judge Ingram's recommendation to levy the

4

$194,528.95 in attorney fees and expenses previously awarded to compensate Plaintiffs in their pursuit of post-judgment discovery concerning the Justice entities against Mr. Justice and Mr. Ball as part of their contempt penalties. [R. 759 at 3.] Should these increased penalties remain insufficient the Court will consider more drastic measures. As to the Defendants request that the Court instruct the Plaintiffs to cease filing motions in connection with the sanctions order, no such instruction will be forthcoming. If the Defendants wish for the Plaintiffs to cease filing such motions, there is a simple remedy – comply with this Court's orders.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Magistrate Judge Hanly A. Ingram's Report and Recommendation [**R. 759**] is **ADOPTED** as and for the Opinion of the Court;

2. Plaintiffs' Motion for Order to Show Cause **[R. 728]** is **GRANTED IN PART**;

3. Plaintiffs' Motion to Expedite **[R. 769]** is **DENIED AS MOOT**;

4. Plaintiffs' Motion for Sanctions **[R. 770]** is **GRANTED IN PART**;

5. Defendants **SHALL INFORM** Jay Justice, Stephen Ball, and Jill Justice of this Recommended Disposition and of this Court's September 2023 payment order [R. 723];

6. On or before February 28, 2025, Defendants **SHALL FILE** a certification that they provided such notices to these officers and directors;

7. Jay Justice and Stephen Ball are **ORDERED** to pay, as part of their contempt sanction, the **$194,528.95** in attorney fees and expenses previously awarded to compensate Plaintiffs in their pursuit of post-judgment discovery concerning the Justice entities;

8. Starting from the date of this Order, Mr. Jay Justice **SHALL** pay sanctions to the Clerk of the United States District Court for the Eastern District of Kentucky in the amount of $1,000.00

5

per day (increased from $250.00 per day) for the Defendants' noncompliance with Judge Ingram's discovery order. Mr. Justice shall continue to pay monetary sanctions until Judge Ingram's discovery order is fully complied with. Whether compliance has been fully attained shall be a question of determination for Judge Ingram, who will prepare a timely recommendation for this Court. Payment shall not cease until ordered by this Court;

9. Starting from the date of this Order, Mr. Stephen Ball **SHALL** pay sanctions to the Clerk of the United States District Court for the Eastern District of Kentucky in the amount of $1,000.00 per day (increased from $250.00 per day) for the Defendants' noncompliance with Judge Ingram's discovery order. Mr. Ball shall continue to pay monetary sanctions until Judge Ingram's discovery order is fully complied with. Whether compliance has been fully attained shall be a question of determination for Judge Ingram, who will prepare a timely recommendation for this Court. Payment shall not cease until ordered by this Court;

10. Defendants **SHALL** comply with the April 16, 2021, discovery order from Judge Ingram, [R. 505], within **thirty (30)** days of this order or they will face such other and further relief as may be appropriate; and

11. Within **twenty-one (21)** days thereafter the Plaintiffs shall file briefing on whether the Defendants are finally in compliance with Judge Ingram's discovery order, with consideration given to further remedies if not. Defendants shall have **fourteen (14)** days to respond with Plaintiffs' Reply due **fourteen (14)** days thereafter.

This the 10th day of February, 2025.

Gregory F. Van Tatenhove
United States District Judge