UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| NEW LONDON TOBACCO MARKET, INC., and FIVEMILE ENERGY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>KENTUCKY FUEL CORPORATION and JAMES C. JUSTICE COMPANIES, INC.,<br><br>Defendants. | ) | No. 6:12-CV-91-REW-HAI<br><br>RECOMMENDED DISPOSITION |

*** *** *** ***

The Court considers Plaintiffs' calculation of fees owed "as compensation for Plaintiffs' efforts to attempt to enforce the Court's order compelling discovery." D.E. 759 at 2. The most recent accounting (D.E. 851) was subject to Defendants' objections (D.E. 857) and Plaintiffs' reply (D.E. 859).

On July 10, 2026, District Judge VanTatenhove entered a Memorandum Opinion and Order concerning post-judgment discovery sanctions. D.E. 848. Judge Van Tatenhove ordered **Jay Justice and Steven Ball** to pay, among other things:

> Attorneys' fees and costs associated with post-judgment discovery. As of February 10, 2025, this amount totaled $194,528.95, but this amount has doubtless increased since that time. Accordingly, the Plaintiffs are ORDERED to file supplemental briefing within twenty-one (21) days of the entry of this Order as to the current amount of attorney fees and expenses associated with their pursuit of post-judgment discovery concerning the Justice entities. Judge Ingram shall then prepare a report and recommendation regarding the present amount of attorney fees and expenses owed as a part of this sanction penalty.

*Id*. at 31-33. Following the necessary briefing (D.E. 857, 857, 859), this is that recommendation.

On July 31, 2026, Plaintiffs filed their accounting of fees, along with declarations of attorneys Shipe and Webster, a spreadsheet, and invoices. D.E. 851. On September 4,

Defendants filed objections. D.E. 857. According to Defendants, most of the newly asserted fees and expenses stemmed from different litigation—involving the same parties—in West Virginia. *Id*. Defendants assert "the total award to Mr. Webster's firm should be reduced from the $18,709.81 claimed to no more than $13,177.81." *Id*.

In reply, Plaintiffs agree that Defendants identified time entries that "should have been excluded from this fee application." D.E. 859. Plaintiffs "withdraw their request for those time entries not related to the pursuit of post-judgment discovery" in this case. *Id*. Plaintiffs agree that the disputed "$5,532.00 of fees and costs . . . should be deducted from the application." *Id*. Accordingly, they seek "the remaining $260,180.71 related to Plaintiffs' pursuit of post-judgment discovery in additional sanction/contempt attorneys' fees and expenses (the original request of $265,712.71 less the $5,532 deduction)." *Id*.

In the Court's view, the *amount* of Plaintiffs' attorney fees and costs related to the post-judgment discovery litigation is not contested at this juncture. The Court acknowledges that Defendants are appealing the Court's underlying rulings. D.E. 852, 853. The Court already found that, "[a]s of February 10, 2025, this amount totaled $194,528.95." D.E. 848 at 31-33; *see also* D.E. 723, 759. Subsequent filings raise that amount to $260,180.71. D.E. 851, 859. And, as developed during the Court's thorough previous assessment of discovery sanctions, including contempt, these fees and costs are to be paid by Mr. Justice and Mr. Ball. *See* D.E. 759, 778, 848.

Having considered Plaintiffs' recent filings (D.E. 851, 859) and finding no further issues, the undersigned hereby **RECOMMENDS** that the District Judge award **$260,180.71** to Plaintiffs, **to be paid by Jay Justice and Steven Ball as part of the contempt sanctions ordered by the Court** (D.E. 848). Payment may be made to either of Plaintiffs' law firms.

Given the oft-noted complexity and difficulty of this litigation, this award of fees is reasonable. "[T]he amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991).

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 22nd day of September, 2026.

**Signed By:**
***Hanly A. Ingram***
**United States Magistrate Judge**