UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| NEW LONDON TOBACCO MARKET, INC., and FIVEMILE ENERGY, LCC, | ) | |
| Plaintiffs, | ) | No. 6:12-CV-91-REW-HAI |
| v. | ) | ORDER |
| KENTUCKY FUEL CORPORATION and JAMES C. JUSTICE COMPANIES, INC., | ) | |
| Defendants. | ) | |

*** *** *** ***

On July 10, 2026, District Judge VanTatenhove entered a Memorandum Opinion and Order concerning post-judgment discovery sanctions, ordering Jay Justice and Stephen Ball to pay Attorneys' fees and costs associated with post-judgment discovery. *See* DE 848 at 31. Judge VanTatenhove ordered supplemental briefing as to the amount of such fees and expenses, and directed Magistrate Judge Ingram to "prepare a report and recommendation regarding the present amount of attorney fees and expenses owed as part of th[e] sanction penalty." *Id.* at 31-33.

Accordingly, on September 22, 2026, Judge Ingram entered a recommended disposition. *See* DE 860. Judge Ingram recommended that the undersigned award $260,180.71 to Plaintiffs, to be paid by Jay Justice and Stephen Ball as part of the contempt sanctions ordered by the Court, *see id.*; DE 848. As to payment method, Judge Ingram recommended that payment be made to either of Plaintiffs' law firms. *See* DE 860 at 2. Neither Plaintiffs nor Defendants have filed any objections to Judge Ingram's recommendation.[1]

[1] Plaintiffs have filed subsequent Motions, including: a Motion for Entry of a Supplemental Judgment, *see* DE 861; and a Fourth Motion for Contempt and Sanctions Against the Defendants and their Officers, *see* DE 862. The Court does not now construe these motions as objections to the Report and Recommendation. These Motions request only that the Court reduce its DE 848 Order to a supplemental judgment and order additional contempt sanctions. *See* DE

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise [an] argument in his objections to the magistrate[ judge]'s report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal.'" (alterations in original) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court has reviewed the full record and finds Judge Ingram's disposition entirely proper. He recognized and applied the correct reasonableness measure for legal expense and fee awards. *See Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991). He properly distilled the long and storied record into a sum-certain as to post-judgment discovery-related attorneys' fees.

Thus, with no objection from any party and on full review of the record, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 860;

2. The Court **AWARDS** $260,180.71 to Plaintiffs, to be paid by Jay Justice and Stephen Ball as part of the contempt sanctions ordered by the Court, *see* DE 848, and;

---

861 at 1; DE 862 at 1. These Motions do not disturb the need for clarity as to the present amount of Attorneys' fees and expenses associated with Plaintiffs' pursuit of post-judgment discovery concerning the Justice entities.

3. The Court **DIRECTS** payment to be made to either of Plaintiffs' law firms.

This the 15th day of October, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**